The judgment will be reversed, and the cause remanded.

---

SMITH v. STATE.    (No. 4610.)

(Court of Criminal Appeals of Texas.  Oct. 17, 1917.  On Motion for Rehearing, Nov. 14, 1917.)

I. INDICTMENT AND INFORMATION ⟡132(4)— ELECTION BETWEEN COUNTS.

The court correctly refused to require the state to elect between a count charging forcible rape, and a count charging rape upon a girl under 15 years of age; it not being necessary to require the state to elect where the indictment ·charges in various counts the same offense so as to meet any possible contingency that might arise under the facts.

2. CRIMINAL LAW ⟡1091(4)—BILLS OF EXCEPTIONS—SUFFICIENCY.

Bills of exception to evidence to present matters for review should show the answer to the questions and the connecting facts.

3. CRIMINAL LAW ⟡1091(8)—BILLS OF EXCEPTIONS—SUFFICIENCY.

A bill reciting that while the county attorney was making his closing argument he used the following language, "Martha Forney, defendant's witness was within call of the courthouse, and defendant did not have her summoned or used as a witness in the other trial of this case," to which argument defendant called the court's attention, and requested it to give a special charge in writing to the effect that they could not consider for any purpose the argument, and urging as an objection that the argument called the attention of the jury to a previous trial, and that no testimony had been introduced showing said witness had not been summoned, etc., was deficient, as the grounds of objection are not statements of fact, but simply grounds of ·objection.

4. CRIMINAL LAW ⟡720(1) — ARGUMENT OF COUNSEL.

As the county attorney brought out testimony on cross-examination of defendant's witnesses that this was the first time they had testified in the case, the argument had a basis in the facts.

On Motion for Rehearing.

5. CRIMINAL LAW ⟡1091(3)—BILLS OF EXCEPTION—SUFFICIENCY.

A bill reciting that while defendant was being cross-examined the state was permitted to ask and prove by him who was keeping house for him, to which defendant objected because

it sought to get before the jury that defendant was living with a woman not his wife, was insufficient to show error; there being nothing to indicate what answer, if any, was given.

6. CRIMINAL LAW ⟡1142—APPEAL—OBJECTIONS—STATEMENT OF FACTS.

The court on appeal cannot presume that objections in bills of exception are statements of fact.

7. CRIMINAL LAW ⟡1110(7) — OMISSION IN BILLS OF EXCEPTION—REFERENCE TO STATEMENT OF FACT.

The court on appeal cannot refer to statement of facts to supply omissions of fact in bills of exception.

8. CRIMINAL LAW ⟡1091(4)—BILLS OF EXCEPTION—SUFFICIENCY.

A bill not stating the time elapsing between prosecutrix' statement and the time when the rape was committed, but simply urging that it was not admissible as original testimony, not being a part of the res gestæ, and not made in the presence of defendant, was insufficient, as it did not exclude the idea that the statement was sufficiently close to bring it within the res gestæ rule.

9. CRIMINAL LAW ⟡1144(10)—RULINGS OF TRIAL COURT—PRESUMPTION.

It will be presumed on appeal that the rulings of the trial court are correct, where not shown in some way to be incorrect.

10. CRIMINAL LAW ⟡1091(5)—BILL OF EXCEPTIONS—SUFFICIENCY.

A bill complaining of exclusion of question should have stated what was the expected answer.

11. CRIMINAL LAW ⟡1091(3)—BILL OF EXCEPTIONS—SUFFICIENCY.

A bill reciting that the state asked a witness, "What did you do?" and that the court remarked if it was something about an examination, it would be admissible, is too indefinite; it not showing what the matter related to, or how the question came to be asked.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Walker Smith was convicted of rape, and appeals. Affirmed.

Arthur A. Seale and S. M. Adams, both of Nacogdoches, and J. A. Spears, of Cushing, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J.  Appellant was convicted of rape, and awarded seven years' confinement in the penitentiary. This is the second appeal; the first being found reported in 188 S. W. 983.

[1] There are two counts specified in the indictment, one alleging rape committed by force, and the second count charges rape upon a girl under 15 years of age. Appellant made application to require the state to elect upon which count it would proceed with the trial. This was refused by the court, and under the authorities we think the action of the court was correct. See volume 1 Branch's Ann. P. C. § 444. It is not necessary to require the state to elect where the indictment charges in various counts the same offense to meet any possible contingency that might arise under the facts.

[2] There are quite a number of bills of

exception, we think, that do not require discussion. They are so indefinite as not to present revisable matters. By way of illustration bill No. 1 recites that the state, over appellant's objection, was permitted to ask prosecutrix the following question: "Did it hurt you or not?" And defendant objected for the reason that same was leading, which objection the court overruled, and appellant reserved his bill of exceptions. There is no answer given. In order that bills of exception present matters for review, the bill should show the answer and connecting facts that ,this court may be able to determine whether there was error or not.

The following bill of exceptions says the court erred in permitting the same witness to be asked the following question: "Did his private parts go into you—penetrate your privates or not?" There is no answer given to this question. Appellant asked this question of the same witness: "Don't you know that if you had said a word, or had holloed, that some one would have heard you?" This is all the bill shows. No answer is given, and no expected answer. The same may be said about practically all of these bills of exception.

Going down the list we find bill No. 7 recites that while the defendant was on cross-examination by the state he was asked who was keeping house for him. To this defendant objected because it was prejudicial and seeking to get before the jury ·that some other negro woman, and not his wife, was living with him. These are but grounds of objection, and do not state the answer or the expected answer. Grounds of objection cannot be held to state facts.

Bill No. 8 recites that the state was permitted to ask and prove by Fannie Durst that Golly Booker, the alleged injured party, came to where she (Fannie Durst) was working, and told her that the defendant, Walker Smith, had done something to her, and had intercourse with her, throwing her upon the bed, getting on top of her, etc. The objection was that this was not original testimony, and could not be used against the defendant, that it was not part of the res gestæ, not in the presence and hearing of the defendant, and was prejudicial. These are but grounds of objection. The length of time between the supposed act of getting on top of her and having intercourse with her, and the time of the statement, is not shown. It may have been immediately so as to constitute part of the res gestæ, but the bill of exceptions is silent upon this question, except as stated in the ground of objection, which does not take the place of the facts.

Another bill recites that while the state's witness Cloudy was testifying the prosecution was permitted to ask if he saw defendant at Mally Green's house, and at another house in that vicinity, just before the witness Mally Green, mother of prosecutrix, came over there and said something to· the defendant. Objection was urged to this because it was not part of the res gestæ. Just what the error was is not shown by this bill, nor is it shown anything was said between the parties, or what Mally Green said to the defendant, or whether she said anything. Another bill recites the state asked the same witness, Mally Green, "What did you do," and appellant objected to that; it being contended that appellant was not present. There was no answer given, nor any of the facts showing that anything could have been injurious by reason of asking this question.

[3] Another bill recites that while the county attorney was making his closing argument he used the following language:

"Martha Forney, defendant's witness, was within call of the courthouse, and the defendant did not have her summoned, or used as a witness in the other trial of this case."

To which argument defendant called the court's attention, and requested the court to give a special charge in writing to the effect that they could not consider for any purpose the argument of the county attorney wherein he stated that Martha Forney, defendant's witness, was within call of the courthouse, and defendant did not have her summoned or used as a witness on the other trial of this case. The objection urged was that the argument called the attention of the jury to a previous trial, and that no testimony had been introduced showing said witness had not been summoned as a witness on the other trial, was outside of the record, and that unsworn statements of counsel for the state before the jury, on material facts adverse to a defendant or his witness which are not put in evidence during the trial, are improper and prejudicial to the rights of a defendant before the jury. We are of opinion that inasmuch as these grounds of objection are not statements of fact, but simply grounds of objection, that the bill is deficient.

[4] On cross-examination of appellant's witness, Martha Forney, the state brought out testimony, without objection by appellant:

"That this is the first time I have testified in, this case. I lived here when it was tried before, but I never testified then. I do not know how far it is from my house to the courthouse."

This was the reference the county attorney made in his argument. On cross-examination of the witness Cloudy appellant also brought out evidence relating to the former trial. We are of opinion that the county attorney's argument had a basis in the facts. Referring to the testimony of the witness Martha Forney, as found in the statement of facts, it is discovered she lived in the town of Nacogdoches, and but a few steps from where this rape is said to have occurred, and she narrates some of the testimony that occurred between the parties in which defendant took part. She further testified: that:

"This is the first time I have testified in this case. I lived here when it was tried before, but I never testified then. I don't know how far it is from my house to the courthouse."

We are of opinion that there is no error shown by this bill of exceptions.

We are of opinion that the evidence is sufficient to justify the finding of the jury, but deem it unnecessary to state the facts.

The judgment is affirmed.

### On Motion for Rehearing.

Appellant, in his motion for rehearing, insists the court was wrong in not considering his bills of exception on the grounds stated in the original opinion. At the urgent insistence of appellant's counsel we have again looked over these bills and think we were correct.

[5, 6] One of the bills about which he complains recites that: "The court permitted the state to ask and prove by the defendant on cross-examination, while he was on the stand, who was keeping house for him." Appellant objected because it was prejudicial, and served to get before the jury that some other negro woman than his wife was keeping house for him. There is nothing in the bill to indicate that he testified who was keeping house for him, whether it was his wife or some one else. We are unable to tell from this bill what the answer was, if any was given. We might fairly presume from this statement that somebody was keeping house for him. His contention that it was getting before the jury that some other woman than his wife was keeping house for him is purely a ground of objection. The bill does not so show. The bill must be specific enough to show in some manner and manifest to this court what it took to constitute the supposed erroneous ruling of the trial court. This court cannot presume that objections are statements of fact.

[7] We are referred to the opinion on former appeal where it is stated that the court should not have permitted the state to prove that appellant's wife had been sent to the penitentiary, and that appellant had lived with his wife only three days after being released from the penitentiary. Whether he had treated his wife rightfully or wrongfully is not an issue in this case. That question, however, is not presented on this appeal so far as this bill of exceptions is concerned. On the former appeal that was a legitimate deduction and conclusion by the court from the bill then under consideration. We cannot refer to the statement of facts in order to supply such omissions in bills of exception. This seems to be the rule under practically all the authorities.

[8, 9] The same may be said with reference to bill No. 8. It recites that the state, over appellant's objection, was permitted to ask and prove by state's witness, Fannie Durst, that Golly Booker, the alleged injured party, came to where she (Fannie Durst) was working, and told her that the defendant, Walker Smith, had done something to her, and had intercourse with her, throwing her upon the bed and getting on top of her. The objections urged here were that it was not admissible as original testimony, was not a part of the res gestæ, and not in the presence and hearing of the defendant. The time elapsing between the time that the prosecutrix made her statement to Fannie Durst and the time when the assault to rape was committed is not stated. It may have been immediately or sufficiently close and under such circumstances that brought it within the rule of res gestæ. The bill does not exclude this idea, and is silent upon that question. The objections stated, that it was not a part of the res gestæ, does not establish that objection as a fact. In order to determine that matter the time elapsing between the alleged rape and the conversation had between Fannie Durst and the prosecutrix should have been stated. It may have been admissible, but we cannot decide that question because the bill of exceptions is silent upon it. We indulge the presumption that the rulings of the trial court are correct, unless in some way shown to be erroneous.

[10] The same may be said of bill No. 4. By that bill it is shown the following question was asked the prosecutrix:

"Don't you know that if you had said a word, or had holloed, that some one would have heard you?"

There was no answer given, and no expected answer stated. In the motion for rehearing it is conceded no answer was given, nor does it state what he expected to prove had witness been permitted to answer. We cannot supply this omission. The bill could have stated what was the expected answer.

[11] Appellant also complains that the court erred in not considering bill No. 10 as being sufficient. It recites the state asked Mally Green the following question: "What did you do?" The appellant objected, and the court remarked if it was something about an examination it would be admissible. This is the bill. It is apparent it is too indefinite. It does not show or state what Mally Green did, and the court informed counsel that if it was something that related to an examination it would be admissible, but the bill does not show what the matter related to, nor how the question came to be asked, what the witness Mally Green did. These are the questions presented in the motion for rehearing, and because they are insisted upon in the rehearing, we have thought it proper to notice them.

There is no reason shown why the former opinion of this court should be changed; therefore the motion for rehearing is overruled.