not consider such charges. Crouchette v. State, 99 Tex. Cr. R. 572, 271 S. W. 99, and the authorities therein cited.

After a careful examination of this record, we are forced to the conclusion that there is no error shown in the trial of this case, and the judgment of the trial court should be affirmed, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.·

On. Motion for Rehearing.

HAWKINS, J. [3] In his motion appellant again urges the points relied on in original submission. They were considered and we think properly disposed of in our former opinion. The statements of deceased made to Wash McGrew and Jim McGrew were properly admitted in evidence as res gestæ declarations.

As to the incompleteness of the bills complaining of the refusal of special charges, in addition to Crouchette v. State, 99 Tex. Cr. R. 572, 271 S. W. 99, we refer to Denton v. State, 76 Tex. Cr. R. 58, 172 S. W. 796; Maddox v. State, 76 Tex. Cr. R. 217, 173 S. W. 1026; Jones v. State, 74 Tex. Cr. R. 205, 167 S. W. 1110; Medford v. State, 86 Tex. Cr. R. 237, 216 S. W. 175; Lowe v. State, 88 Tex. Cr. R. 316, 226 S. W. 674; Jones v. State, 89 Tex. Cr. R. 577, 232 S. W. 847; Middleton v. State, 86 Tex. Cr. R. 307, 217 S. W. 1046.

The motion for rehearing is overruled.

=====

MEYER v. STATE. (No. 9486.)

(Court of Criminal Appeals of Texas. Nov. 18, 1925. State's Rehearing Denied Jan. 27, 1926.)

**1. Criminal law** ⬳877—**Where two persons were tried jointly and case submitted in joint charge, verdict finding "defendant" guilty, and assessing "his" punishment, held not responsive.**

Where two persons are tried jointly, and case of each is submitted in joint charge, verdict finding "defendant" guilty, and assessing "his" punishment, *held* not responsive.

On Motion for Rehearing.

**2. Intoxicating liquors** ⬳236(20)—**Evidence held not to show offense of transporting intoxicating liquors.**

Evidence that officer found liquor in car, and later defendants got into car and stepped on starter, *held* not to show offense of transporting intoxicating liquor; it appearing that car did not move while officer observed it.

Commissioners' Decision.

Appeal from District Court, Austin County; M. C. Jeffrey, Judge.

Walter Meyer was convicted of unlawfully transporting intoxicating liquor, and he appeals. Reversed and remanded.

H. A. Townsend, of Columbus, and W. I. Hill and J. E. Edmondson, both of Bellville, for appellant.

Fred L. Blundell, Dist. Atty., of Lockhart, Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BERRY, J. The offense is unlawfully transporting intoxicating liquor; the punishment is confinement in the penitentiary for one year.

The indictment charges the appellant, Walter Meyer, and one Raymond Henneke, jointly, with the offense of possession of intoxicating liquor for the purpose of sale in one count, and with transportation of intoxicating liquor in another count. The record discloses that both the appellant and Henneke were duly arraigned, and that each of them pleaded not guilty to such indictment, and were placed on trial jointly. The charge of the court discloses that the case of each of them was submitted in a joint charge to the jury, whereupon the jury returned into court the following verdict:

"We, the jury, find the defendant guilty of unlawfully transporting spirituous and intoxicating liquor as charged in the indictment, and assess his punishment at confinement in the state penitentiary for a term of one year."

[1] On this verdict the court, for some reason, selected the appellant, Walter Meyer, as the party condemned by this verdict, and sentenced him to one year in the penitentiary. Just what became of his codefendant, Henneke, is not manifested by the record. The appellant, Meyer, complains of this action of the court; it being contended that the judgment of the court is contrary to the law. The appellant's contention in this respect must be sustained. The verdict, as returned by the jury, was not responsive to the court's charge, and ought not to have been received by the court. It is manifest from the verdict that only one of the parties on trial was convicted, and yet it is utterly impossible to form any conclusion from said verdict as to which of the parties on trial it was the purpose of the jury to convict.

Because under the facts above stated in this case the verdict is wholly unintelligible, in that it fails to designate the party found guilty, and because from the entire record it is utterly impossible to determine which of the parties on trial was actually convicted, the judgment must be reversed and the cause remanded.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

LATTIMORE, J. This case was reversed because the record showed that appellant and another were tried together, and there was nothing before us to show what disposition was made of appellant's codefendant. The record has been corrected so that at this time it appears said codefendant was found guilty, but given a suspended sentence, hence did not appeal. Having made said correction, and thus met the proposition upon which the case was reversed, the state files its motion for rehearing asking that the judgment of reversal be set aside and that the conviction be now affirmed.

The charge in the indictment was the transportation of intoxicating liquor. The state introduced the sheriff of Austin county, who testified that on the occasion of a dance he saw a number of people who appeared to have been drinking, and that he looked around and found some liquor in a Ford coupé; that he secreted himself and watched said car, and presently saw appellant and Raymond Henneke come to the car and get in same. They stepped on the starter, and witness said he walked up at that time and stopped them. There were two half gallon jars, each over half full of whisky, and a gallon bottle with a little whisky in it; the whole amount of whisky being estimated at about three quarts. This witness further testified that the car had not started when he went to it; that the car did not move at all during the time he observed it. Witness said the two defendants both denied that the whisky in the car was theirs, and said they did not know anything about how it came there. This constituted the state's case. For the defendant, witness Person testified that he saw appellant and his companion in the Ford coupé the afternoon before they were arrested; that they had a flat tire, and he helped them fix it, and got the tools, etc., out of the car, and looked all through it; and that there were not any jars or jugs or anything containing whisky in the car at that time. Appellant's father testified that he had been in bad health, and, when appellant and his companion started to the dance, he requested them, if they could get any whisky, to bring him some, and gave to appellant a $10 bill to be used in purchasing whisky, if he could find any. Appellant's codefendant testified that he went to the dance with appellant, and that they had no whisky, but while at the dance appellant told him he had bought some whisky and put it in the car, and when they came out to get in the car to leave the sheriff arrested them

before the car was moved. Appellant testified substantially to the same facts. Both admit that they told the sheriff that they did not have anything to do with the whisky, and explained that they told this falsehood because they were scared. The good reputation of appellant as being a peaceable, lawabiding citizen was proven.

[2] The above facts do not make out a' case of transporting intoxicating liquor. Neither by circumstances nor by direct testimony is there any proof showing that said liquor was moved or transported by appellant from or to any place. While our original opinion was based on the legal necessity for a reversal because no disposition was shown of the charge against appellant's codefendant, the conclusion there reached must be again announced; that is, that the judgment should be reversed and the cause remanded. This being true, the state's motion for rehearing will be overruled.