## JIM GILBREATH v. THE STATE.

### No. 8446. Decided June 27, 1924.

**Transporting Intoxicating Liquor—Insufficiency of the Evidence.**

Where, upon trial of unlawfully transporting intoxicating liquor, the evidence is insufficient to sustain the conviction the judgment must be reversed and the cause remanded.

Appeal from the District Court of Knox. Tried below before the Honorable J. H. Milam.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. S. Kendall,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Knox County of transporting intoxicating liquor, and his punishment fixed at one year in the penitentiary.

But one witness testified. He said that on the occasion in question he saw appellant with two other parties. Appellant and one of the parties went up a stairway and out of sight of witness. The other party waited at the foot of the stairs. At the edge of the curb a few feet away appellant's car was standing. In a short time the two parties who had gone up the stairway came back. One of them, but not appellant, had something under his coat. Witness did not know what it was but found out later. The three parties mentioned walked across the curb to appellant's car and got in. Just as they started the engine the witness, who was an officer of the county, accosted them and got into said car. There was a struggle during which the party who had something under his coat disclosed that it was a quart jar of whisky which he tried to break on the steering wheel unsuccessfully. These are the facts. No statement of appellant showing knowledge on his part of what his companion had, or that he was aware of the fact that it was a quart jar of whisky, appears in the testimony. These facts clearly reflect a condition in which the appellant himself transported no liquor. He could not be convicted for such transportation, if any, on the part of his companion unless he had knowledge of the fact that his companion had the liquor and was transporting it. We are not satisfied from the testimony that it suf-

ficiently shows that appellant had such knowledge. The sheriff testified that he could see something under the coat of appellant's companion but could not tell what it was. We believe that the evidence should be stronger than appears in this record to justify the conviction of a citizen of a felony. The case was upon circumstantial evidence, but there was no exception to the charge of the court below for its failure to submit this theory.

For the reasons above stated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*