LATTIMORE, Judge.
 

 Appellant was convicted in the district court of Freestone County of transporting intoxicating liquor, and his punishment fixed at three years in the penitentiary.
 

 
 *493
 
 A sufficient statement of the facts will appear in connection with our discussion of the legal questions involved.
 

 The questions raised in bill of exceptions No. 1 were disposed of in Bryant v. State, 260 S. W. Rep. 598, and a further discussion is not deemed necessary.
 

 The complaint in the second bill of exceptions is of the exhibition to the jury of a suit ease and the liquor in same, said suit case being found in a box car occupied only by appellant. The objection to the introduction of this evidence is placed upon the proposition that it being allowed in, might have an unfair effect as inducing the jury to believe the suit case and its contents belonged to appellant. We do not believe the production of this demonstrative evidence any more liable to induce such belief on the part of the jury than would the testimony of the officer that he found appellant to be the sole occupant of an empty box ear in which was the grip containing the whiskey.
 

 Bill No. 3 sets forth appellant’s objection to certain argument of the district attorney, to-wit: “It will be a sad day for Texas,— a day that should bring tears to the eyes of every citizen who believes in the enforcement of law in this State,” it being stated that the above language was used in telling the jury what would be the situation if they should acquit this appellant. Such complaint seems a little out of line. The statement of the district attorney might be regarded as somewhat imaginative on his part. It contained no abusive language and no appeal to race prejudice'or passion, and does not seem to us capable of injury. Another objection was made to the statement of the district attorney that “If the defendant possessed the whiskey, he transported it”, which was objected to as not being the law. This appears to be a syllogistic argument on the facts, not on the law. An officer testified that he observed a train moving toward a depot; in the train was a box car the door of which was partly open; upon the stopping of the train said officer looked in said opened car and found nothing therein save a colored man, this appellant, and a suit case. Asked about the suit case, appellant said it contained clothes. In fact it contained three half gallon jars of whiskey, a pint bottle of whiskey, and a bottle of medicine wrapped in a coat. It seems obvious that the whiskey was “transported.” Physically, the train was transporting it. Legally, the person who was in control of the suit case at the time, would be the transporter of the liquor. Possession of personal property is strong indicia of its control. We find no great cause for quarrel with the statement of the State’s attorney as a matter of logic, and none as a matter of law. True, appellant and his witnesses combated vigorously the proposition that he had anything to do with the suit case or its liquid contents. This raised a question of fact for the jury. Looking at it from a jury’s standpoint, it would appear probable that he made
 
 *494
 
 a serious mistake in stating to the officer, if he did, that the suit case contained clothes. Such statement may have had much weight in leading the jury to the belief that his nearness to the suit case, and lack of other occupants of the car, were not the only circumstances against appellant. He claimed that there were three other men in the car when he got in it shortly before it reached the depot, and that he neither owned nor possessed the grip or any of its bottles or jars of liquor. He said the other men got out of the car after he got in, his inference being that the suit case and whiskey belonged to them. These were questions for the jury.
 

 Appellant cites West v. State, 248 S. W. Rep. 371, and Dean v. State, 245 S. W. Rep. 921. Both of these eases turned on the lack of a showing of transportation. There was no question in the instant ease but that the liquor was transported by some one, and the issue turned on whether it was so transported by the appellant.
 

 We find no serious objection to the argument of the district attorney that he never asked a jury to do what he could not swap places with them and do himself “without having to lay his conscience on a pallet.”
 

 Appellant asked a special charge as follows:
 

 “Gentlemen of the Jury: If you believe that the sole purpose of defendant in getting in the box car, was to beat his way, or get a free ride- to Corsicana, or if you have a reasonable doubt as to whether such was the case, you will find the defendant not guilty.”
 

 In his brief it is strongly urged that this was the affirmative defense of the appellant and that in refusing it the learned trial judge ignored the accepted proposition that if there be a defensive theory it ought to be affirmatively presented to the jury. We find in the charge as given the following:
 

 “You are further instructed that although you may believe from .the evidence that on the occasion mentioned certain whiskey was found in a box car in which defendant was arrested, yet unless you further believe from the evidence, beyond a reasonable doubt, that the defendant placed said whiskey in said box ear and transported same as that term is herein above defined, you will acquit the defendant and say by your verdict not guilty.”
 

 As substantially presenting the defensive issue made by the testimony, we think this seems to serve that purpose as well as the special charge under discussion. It could make no difference to the jury whether appellant was trying to beat his way to Corsicana or not. The legal question pertinent to the defensive theory was that he did not put the suit case in the car and had nothing to do with it. It seems to us that the trial court selected the very point on which most of the defensive testimony bore, that is, that he did not have the whiskey or put it into the car, and that the part of the main charge referred to pertinently told the jury that unless they believed, be
 
 *495
 
 yond a reasonable doubt, that “he placed said whiskey in said.box ear and transported same”, they should acquit. Believing the court to have affirmatively submitted the defensive theory, we think it not error to refuse the charge mentioned.
 

 The charge on circumstantial evidence given by the court presented the test of exclusion in a little different language from the special charge asked, but the terms in which it was put before the jury were plain and unobjectionable.
 

 Appellant complains of the fact that he was given three years, and that there was no showing that he was a professional bootlegger, or that he had committed any other offense than that now on trial, if he committed it. We are not at liberty to gauge the legality of a trial by the fact that a jury, which might have given a man five years, did in fact give him three instead of one.
 

 Finding no error in the record, the judgment will be affirmed.
 

 Affirmed.