## JESS KELLY V. THE STATE.

### No. 9237.   Delivered December 16, 1925.

#### 1.—Transporting Intoxicating Liquor—Evidence—Exhibiting Whiskey to Jury—Not Error.

Where, on a trial for transporting intoxicating liquor, the sheriff brought into the courtroom two half-gallon fruit jars containing whiskey, while the jurors were being questioned on their void dire, but nothing appears in appellant's bill complaining of the matter to show that the whiskey was not the same for which he was being tried for transporting, and no error appears.

#### 2.—Same—Bills of Exception—Question and Answer Form—Not Considered.

Scarcely an opinion day passes in this court on which we do not re-iterate our holding that under the Statutes in such cases made and provided, we cannot, must not, and will not consider bills of exception in question and answer form. Appellant's bills Nos. 2 and 9 are subject to this criticism, and cannot be considered. Following Robbins v. State, 272 S. W. 175, and numerous other cases cited.

#### 3.—Same—Bill of Exception—Incomplete—No Error Shown.

Where a bill of exception complaining of the admission of testimony wholly fails to show whether the testimony was elicited by the state or by the defendant, we are wholly unable to say whether or not its admission was error. This is the condition of appellant's bill of exception No. 3, and it presents no error. Following McFarlane v. State, 4 Tex. Crim. App. 248, and other cases cited.

#### 4.—Same—Evidence—Rule Stated.

Where a witness, on his direct examination, testifies to a fact, and on cross-examination contradicts himself, this contradiction does not demand the withdrawal of his evidence from the consideration of the jury, as this would go to the weight of the witness' testimony and not to its admissibility, and the trial court was not in error in refusing to withdraw any part of the witness' testimony from the jury.

#### 5.—Same—Evidence—Properly Admitted.

There was no error in permitting the state to prove that there was mud on appellant's feet, at the time that he was arrested, it being shown that his arrest took place shortly after he was seen to go down into a creek bed, and secrete whiskey, which was found shortly thereafter. Such fact was a circumstance pertinent in corroboration of the witness Price, who testified to seeing him go into the creek.

**6.—Same—Evidence—Of Whiskey Found—Admissible.**

Where the state was permitted to introduce in evidence the whiskey found, in view of the fact that the testimony was clearly sufficient to show by cogent circumstances that it was the same liquor deposited by the appellant in the creek, at the time he was charged with transporting it, such testimony was properly admitted.

Appeal from the District Court of Rockwall County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*H. D. Wood,* of Dallas, for appellant.

*Carl G. Miller,* County Attorney; *Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Rockwall County for the offense of transporting liquor and his punishment assessed at confinement in the penitentiary for a term of one year.

By bill of exception No. 1, complaint is made at the action of the court in permitting the sheriff of Rockwall County to bring two half-gallon fruit jars containing whiskey into the court room while the jury were being questioned on their voir dire. There is nothing in the bill to show that this whiskey was not the same for which he was being tried for transporting. In this condition of the record, error is not shown.

Bill of exceptions No. 2 is in question and answer form and for that reason will not be considered. Robbins v. State, 272 S. W. 175; Romez v. State, 245 S. W. 914; Jetty v. State, 235 S. W. 889; Rylee v. State, 236 S. W. 744; Huey v. State, 236 S. W. 887; Montez v. State, this day decided.

Bill of exceptions No. 3 states that while the witness Maclin was testifying for the State, the following proceedings were had: The witness testified that he was present when one Mr. McCarty took from the bed of a certain creek, three one-half gallon fruit jars filled with some liquid, and brought them to Royse City, Texas. The defendant objected to this evidence because same was immaterial, irrelevant and highly inflammatory and because defendant was not present and had never been shown to be connected with said jars of liquid in any manner.

The facts in this case show that appellant got out of a jitney with a package in his arms near this creek where this whiskey was afterwards found; that he went down into the creek carrying the package, but when he came up out of the creek he had no package; that a search was made of the creek at this very place where this appellant went down into it and in a pool of water in the creek, the whiskey was found, there being tracks on the bank near the place where the whiskey was found. This testimony objected to was clearly admissible as a circumstance showing that the appellant was the party who placed the whiskey in the creek. Besides, this bill of exceptions wholly fails to show who elicited this testimony from this witness. Speights v. State, 1 Tex. Crim. App. 551.

Bill of exception No. 4 fails to show who elicited the testimony complained of therein. This bill complains because the witness Macklin was asked if when he found the defendant, did he notice his shoes and feet and he answered that he did notice them, and that there was a little mud on the heel of his shoe. The record discloses that this witness saw the defendant in a very short time after the other witness had testified that the appellant went down into this creek with a package and came up out of it without a package. The testimony was clearly admissible as a circumstance against the appellant.

Complaint is also made at the court's action in permitting the State to prove that after the three one-half gallon jars of whiskey had been found in the bed of the creek and taken out, and after the defendant had been arrested and was being taken to jail, that while enroute to the jail in an automobile, and while the car was standing at Royse City, Texas, the appellant reached over from the back seat of the car in which he was sitting and used a pair of pliers and hit and broke one of the fruit jars containing the whiskey. The objection to this testimony is that it is immaterial and irrelevant and hearsay. The court instructed the jury not to consider that part of the testimony as to what some other party told the witness the appellant did. There is no reversible error shown in this matter. It was proved by the witness McCarty that the appellant did break and destroy one jar of the whiskey. Appellant objected to this testimony as ·coming from the witness McCarty on the ground that the appellant was under arrest at the time he broke and destroyed said jars of whiskey. This objection was not tenable. It would be a remarkable situation if an accused should be per-

mitted to destroy the evidence against him and then deny the State the right to prove such destruction by simply showing that appellant was under arrest at the time it was done. No such protection is given an accused under the law of this State and no error is shown concerning this matter. McFarlane v. State, 4 Tex. Crim. App. 248; Anderson v. State, 83 S. W. 188; Russell v. State, 38 Tex. Crim. App. 590.

It was permissible for the State to prove the finding of the fruit jars in the water in the creek where appellant was seen to go with the package and appellant's objection to such testimony is entirely without merit. Neither is there any merit in his contention that the testimony of the witness Price should have been excluded. This bill of exceptions shows that the witness Price testified on direct examination that the appellant put the package in the creek and on cross-examination he testified:

: "When he went over the bank of the creek he was a little out of sight" and being asked by counsel for the defense "you did not actually see him deposit the package in the creek", he answered "no, I will have to admit that."

It is appellant's contention that that part of his statement in which he swore positively to seeing the package deposited in the creek should have been excluded because he contradicted himself on cross-examination. This is a matter that would go to the weight of the witness' testimony rather than to its admissibility and the trial court was not in error in refusing to withdraw any part of his testimony from the jury.

Bill of exception No. 9 is in question and answer form and will not be considered on the authority of the cases above cited.

It was permissible and pertinent for the State to prove that there was mud on the defendant's feet at the time he was arrested. The arrest took place shortly after he was seen to go down into the creek at the place where the whiskey was found, and the condition of his shoes was a circumstance pertinently corroborating the witness Price who testified to seeing him go into the creek.

On the trial of the case while the sheriff was on the witness stand, the whiskey found in the creek was introduced in evidence and the appellant contends that this testimony was irrelevant and immaterial because it was a matter or thing that took place between others in the absence of the defendant and was hearsay and highly prejudicial. The State was well within its right in introducing in evidence the liquor found in view of the fact that the testimony was clearly suf-

ficient to show by cogent circumstances that it was the same liquor deposited by this appellant in the creek at the time he was charged with transporting it.

The record discloses a case of circumstantial evidence that seems to us to be well nigh perfect and there being no errors committed in the trial of the case, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.