### S. J. MARTIN V. THE STATE.

No. 10439.   Delivered November 24, 1926.
Delivered April 6, 1927.
Rehearing denied May 11, 1927.

**1.—Transporting Intoxicating Liquor—Practice on Appeal—Rule Stated.**

On appeal the record must affirmatively show that notice of appeal was given, and entered of record, in order to confer jurisdiction upon this court. These requisites being absent, this cause must be dismissed. Having supplied the omissions in the record, the appeal is now reinstated and the case will be considered on its merits.

**2.—Same—Requested Charge—On Issue Not Raised—Properly Refused.**

Where appellant requested the court to charge the jury that if they believed there was whiskey in appellant's wagon at the time it was driven to his house, they could not convict unless they believed, beyond a reasonable doubt, that he knew the whiskey was in the wagon, and there was no evidence in the case raising such issue, the special charge was properly refused.

**3.—Same—Evidence—Of Appellant Being Drunk—Properly Received.**

There was no error in permitting state witness Wise to testify to the effect that appellant appeared to be drunk when he passed his house. On page 74 of Mr. Branch's Ann. P. C. are cited a number of authorities holding such testimony admissible.

**4.—Same—Evidence—Leading Question—Rule Stated.**

Where a question propounded to a witness does not call for any particular answer, nor suggest what the inquirer may have desired in the way of information, such question is not leading.

**5.—Same—Evidence—Of Appellant's Flight—Court's Docket Entry—Held Admissible.**

Where it was shown upon the trial that the appellant gave bond, and the bond was forfeited, and his whereabouts were not discovered for several years thereafter, there was no error in allowing in evidence the docket entry made by the District Judge showing a forfeiture of his bail bond, and an order for an alias capias dated March 16, 1922.

**6.—Same—Evidence—Harmless, if Error.**

Where the sheriff was permitted to testify that he had tried for several years to apprehend appellant, "while he was on the dodge," and had offered $25.00 for his arrest, the error in admitting this testimony, if it was error, was not capable of injuring appellant, in the light of the facts in this case.

ON REHEARING.

**7.—Same—No Error Shown.**

On rehearing, the appellant assails the correctness of our original opinion and a careful re-examination fails to confirm any of the criticisms presented, and the motion for rehearing is overruled.

Appeal from the District Court of Cass County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*O'Neal & Harper* of Atlanta, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Cass County of transporting intoxicating liquor, punishment one year in the penitentiary.

It must appear in the record affirmatively that notice of appeal was given and entered of record, in order to confer jurisdiction upon this Court of such appeal. The record in this case contains no notice of appeal. Being without jurisdiction to further consider and decide the appeal, it must be dismissed, and it is accordingly so ordered.

*Dismissed.*

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor, punishment one year in the penitentiary.

Appellant has supplied the omission of the sentence which caused the dismissal of this appeal, and the appeal is now reinstated and the case considered on its merits.

There are six bills of exception. No. 1 complains of the refusal of a charge to the effect that if the jury believed there was whiskey in appellant's wagon at the time it was driven to his house, they could not convict unless they believed beyond a reasonable doubt that he knew the whiskey was in the wagon. This charge was properly refused because there was no evidence supporting such theory. The wagon referred to belonged to appellant. He lived in Hughes Springs, in Cass County, but had a farm up in Morris County, to which he had been on the day in question with his two minor sons, one eighteen years of age and the other younger, both of whom lived with him. Both boys testified that they came back with him in the wagon to a point a mile or more from home, at which place they got out of the wagon and walked the rest of the way. Both these boys testified that they were present at the farm on that day when the wagon was loaded with hay, canned fruit and syrup, and that there was no whiskey in the wagon. Another witness testified to the same effect. Appellant's wife, daughter and both his said sons testified that when the wagon reached their home there was no whiskey in it. Appellant did not testify. There was no defensive testimony of any kind suggesting that there might have been whiskey in the wagon without appellant's knowledge. All the testimony showed that the night in question was bitterly cold. One of the state witnesses testified that he saw appellant that night something over a mile from his home, and that he was out of his wagon on the ground at the time, and the wagon was out of the road. This witness said when he aroused appellant the latter gave him a drink of whiskey

out of a fruit jar. Another state witness testified that he saw appellant on the night in question pass his house and that appellant had the appearance of being drunk. This witness followed appellant to his home, and said he helped appellant into the house because of his condition, and then started to go to the wagon to see what was in it; that appellant and all of his family followed him into the yard, and when he went toward the wagon appellant's wife confronted him and demanded to know if he had a search warrant, and when he said he did not, she told him he could not search the wagon without a search warrant. This state witness said he then called to the man who was with him to go at once and get a search warrant, whereupon one of the appellant's sons jumped into the wagon and began to break the jugs and fruit jars to the number or fifteen or twenty. Witness said he knew the odor of whiskey and that by its odor he knew the contents of the containers thus broken was whiskey. We perceive nothing in this to call for the charge in question.

Bill of exception No. 2 was reserved to the admission of the statement of state witness Wise to the effect that appellant appeared to be drunk when he passed his house. On page 74 of Mr. Branch's Ann. P. C. are cited a number of authorities holding exactly similar statements admissible.

Bill of exceptions No. 3 presents objections to certain questions upon the ground that they are leading and suggestive. We have been unable to agree with this proposition. Neither of the questions set out seems to call for any particular answer, or to suggest what the inquirer may have desired in the way of information.

It was in testimony that appellant gave bond soon after his arrest in the early part of 1922, and that the bond was forfeited, and that search was made for him both in Cass County and in Morris County during the years which intervened until 1926, when he was arrested a short time prior to this trial. We perceive no error in allowing in evidence the docket entry made by the District Judge showing a forfeiture of appellant's bond and an order for an alias capias dated March 16, 1922.

Bill of exception No. 5 presents objection to the testimony of the sheriff that he had tried for several years to apprehend appellant "while he was on the dodge" and had offered a reward of $25.00 for his arrest. If this testimony was capable of any harm to the appellant we are unable to see that fact. The jury gave him the lowest penalty.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In view of appellant's insistence we have re-examined the evidence and are confirmed in the view that no issue was raised as to appellant's lack of knowledge of the presence of whiskey in the wagon, which called for giving the special charge upon that subject. The case of Gilbreath v. State, 98 Tex. Crim. Rep. 80, 263 S. W. 922, under the facts therein appearing, does not in our opinion furnish a precedent demanding the charge requested.

We are unable to draw the fine distinction insisted upon as to the statement of the witness Wise when he says as appellant passed witness' house he was "apparently like he was drunk." The witness says he had been watching for appellant and saw him "right close as he passed." He followed appellant to his house not far away and in describing his condition there, witness says "he was apparently drunk, so drunk that I took him in the house and put him down."

Admitting in evidence the docket entries of the forfeiture of appellant's bond and proof that the sheriff had offered a reward for him would not call for a reversal. The evidence was abundant that appellant was avoiding trial and made an effort to escape when re-arrested. His own sons testified without objection that they knew his bond had been forfeited and had heard there was a reward out for him.

Appellant criticises our disposition of his complaint that certain leading questions were permitted to be asked of a witness regarding the contents of containers claimed by the state to have been broken by appellant's boys when witness was about to search appellant's wagon. The first question presented in that bill is "And the boy was up there breaking the whiskey over the wheel of the wagon." This question was objected to as a leading question, and it is certified that at that stage of the proceedings no witness had testified that the vessels broken contained whiskey. If an answer was given to that question the bill does not show it. The bill indicates that the District Attorney changed the form of his question and then asked, "Well, state why you say it was whiskey." No answer seems to have been made to this question. The bill further recites that the District Attorney then asked the witness "if he had stated that it was whiskey," and to this last question, so far as we can tell from the bill, the witness answered "Yes." Leading questions, although improper, do not generally call for a reversal and we think the bill in the present case presents no exception to that rule, when

considered in connection with all the evidence appearing in the record even if it be conceded that some of the questions complained of might be leading.

The motion for rehearing is overruled.

Morrow, P. J., not sitting.                              *Overruled.*