CHARLIE ASHER v. THE STATE.

No. 11016.  Delivered December 14, 1927.

**Transporting Intoxicating Liquor—Evidence—Held Sufficient.**

Where appellant was seen by officers in an automobile, and fled from them, and while being pursued and running at a high rate of speed, was seen to throw an object from his car, which was later recovered and proved to be a half gallon of whiskey, these facts were sufficient to support his conviction for transporting intoxicating liquor.

Appeal from the District Court of Stephens County. Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the state penitentiary.

The opinion states the case.

*V. L. Shurtliff* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the transportation of intoxicating liquor, punishment being one year in the penitentiary.

The only question we are called on to consider under the record is the sufficiency of the evidence. Four officers in an automobile were driving north from the city of Breckenridge. They met appellant also in a car going toward Breckenridge. The officers immediately turned their car and gave chase. By the time they turned their car appellant was some three hundred yards ahead of them. He was seen to throw something from the right side of the car. They did not stop at the point where they saw the object thrown out, but pursued appellant until he was overtaken and apprehended. A search of the car failed to reveal any intoxicating liquor. One of the officers took appellant on to Breckenridge and the other three returned to search for the object which was thrown out. It was found and discovered to be a half gallon of whiskey. One of the officers testified that he tried as best he could to mark with his eye the spot where the object was thrown out, and upon returning to the place the whiskey was found within one hundred and fifty feet of the point so marked by him. Appellant insisted that this discrepancy in locating the exact spot rendered the evidence so uncertain that it does not meet the requirements demanded when circumstantial evidence is relied on. To this we cannot agree. Both cars were moving rapidly when the package was seen to leave appellant's car. Officer David testified that he and two other officers "went back to where this had been thrown out of the car; we went directly to the place and found the package we saw him throw out." On cross-examination it developed that when the whiskey was found all three of the officers were within thirty or forty yards of one another engaged in the search. Appellant did not testify himself and offered no evidence bearing on the point under consideration. The testimony leaves no doubt in our mind that the whiskey was thrown

from the car by appellant, and we think it excludes every reasonable hypothesis save that of appellant's guilt.

The judgment is affirmed.

*Affirmed.*