## E. A. McDonough v. The State.

No. 14240.   Delivered May 27, 1931.
Rehearing Denied June 24, 1931.

The opinion states the case.

*Schenck & Triplett,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for three years.

Officers followed appellant along a street in the town of Plainview, and, when he stopped the automobile in which he was driving, instituted a search.   Appellant drew a pistol, but was immediately disarmed.   The search disclosed 30 gallons of whisky.

Appellant did not testify in his own behalf.   His wife testified that

appellant's mother used whisky for medicinal purposes. Appellant's mother testified that she had asked appellant to buy the whisky for her for use in massaging her body and as medicine to be taken internally. It appears from the testimony of the mother that she was 80 years old and in ill health.

There is no question as to the legality of the search.

Bill of exception No. 1 brings forward objections to questions propounded to appellant's wife by the district attorney. In each instance the court sustained the objection, and the witness did not answer the question. The court qualifies the bill of exception with the statement that the questions were asked in the usual manner, and that appellant's objections were promptly sustained. We deem it unnecessary to set out the numerous questions brought forward in this single bill of exception. It occurs to us that the bill of exception is multifarious, and not entitled to consideration. However, we have examined the questions of which complaint is made, with the view of determining whether the questions, within themselves, were calculated to prejudice appellant. We find nothing in the questions of a prejudicial nature.

Immediately before the state offered its testimony, appellant's attorney announced to the court in the presence of the jury that appellant admitted that the officers found 30 gallons of whisky in the automobile in which he was riding, and further admitted that he was transporting said liquor. Thereafter, in developing its case, the state identified the whisky taken from appellant's automobile and introduced it in evidence. Appellant objected on the ground that he had admitted that he transported the whisky and that its introduction would be prejudicial to his rights. The court properly admitted the whisky. Kelly v. State, 102 Texas Crim. Rep., 395, 278 S. W., 449; Robinson v. State, 99 Texas Crim. Rep., 460, 270 S. W., 175; Trigg v. State, 99 Texas Crim. Rep., 367, 269 S. W., 782.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files a brief motion for rehearing in which are found no citation of authorities, no discussion of any supposed error in the original opinion, and we see no reason for indulging in any extended discussion thereof.

The motion for rehearing will be overruled.

*Overruled.*