JIMMIE LANDRUM V. THE STATE.

No. 15072.   Delivered March 16, 1932.
Rehearing Denied May 4, 1932.

The opinion states the case.

*Sam T. Holt,* of Carthage, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for two and one-half years.

Appellant was observed by an officer to drive his car to a store, where he stopped.  After the car had stopped appellant ran through the store followed by the officer and other parties.  As he went out the back door of the store he tried to throw a bottle of whisky against the wall. The bottle failed to break, and the officer secured the whisky.  Appellant attempted to hold the officer.  A scuffle ensued in which the officer was compelled to strike appellant with his pistol in order to disengage himself.  Appellant had the odor of whisky on his breath.  The foregoing facts were testified to by the arresting officer.

Appellant took the witness stand and denied that he transported the whisky or had it in his possession at the time the officer sought to arrest him.  He said that he was doing nothing, and declared that the officer jumped on him and struck him with his pistol without provocation.

One bill of exception is brought forward.  It appears from this bill that appellant objected to the introduction in evidence of the bottle of whisky on the ground that it had not been labeled.  It is appellant's contention that under the provisions of article 692, P. C., in the absence of a label showing appellant's name and the date of seizure, it was improper to receive the whisky in evidence.  The officer testified that the whisky introduced in evidence was taken from appellant on the occa-

sion in question. It has been held by the court that the failure to comply with the provisions of article 692, supra, is not an impediment to the use of the officer as a witness to facts within his knowledge relating to the seizure of the property, the identity of the possessor, and other incidents of the transaction. Austin v. State, 97 Texas Crim. Rep., 360, 261 S. W., 1035. The bill of exception, in our opinion, fails to reflect error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—An examination of the record in the light of the motion for rehearing leaves us of the opinion that the former decision was correct.

The point raised in the motion is that the testimony of the sheriff identifying the bottle of whisky which was produced upon the trial as the one which he had received from the appellant was improperly received. We think the matter was properly disposed of in the original opinion. See McDonough v. State, 118 Texas Crim. Rep., 301, 39 S. W. (2d) 886; Kelly v. State, 102 Texas Crim. Rep., 395, 278 S. W., 449.

The motion is overruled.

*Overruled.*