## DAVID ASH V. THE STATE.

No. 20922.   Delivered May 1, 1940.
Rehearing Denied June 12, 1940.

The opinion states the case.

*Geo. S. McCarthy* and *Clem Calhoun,* both of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted in the District Court of Potter County on a charge of receiving and concealing stolen property, and upon an enhanced penalty allegation was given ten years' confinement in the State penitentiary.

The evidence shows that Mrs. Mecaskey, who resided in a hotel in the town of Panhandle, inadvertently left two diamond rings of the approximate value of $800.00 in a bathroom in the hotel on the 13th day of February, 1939. Later she remembered leaving the rings, and about eleven o'clock in the morning instituted a search for them. She reported the matter to the officers who went to Amarillo and visited the pawn shops and, upon doing so, gained information that the appellant and another party were trying to dispose of two diamond rings. The prospective purchaser of the rings testified that he had appellant and the party go with him to a jewelry store for the purpose of having the rings appraised. The officers seemed to have secured information that they were going to the jewelry store and were in waiting for them upon their arrival. Finding that the matter was being investigated, appellant took the rings and placed them in his mouth. Officers searched the parties for the rings and demanded that the appellant open his mouth for the purpose of seeing if the rings were there. This he refused to do, but instead swallowed them. The officers, seeing this and believing that he had swallowed the rings, took appellant in charge and carried him to Panhandle in an adjoining county to that in which Amarillo is situated. They were unable to find any evidence that appellant had stolen the rings and returned him to Potter County, where a charge was filed alleging that he had received and concealed stolen property.

The indictment charges that appellant received and concealed the stolen property from a party unknown. The foreman of the grand jury testified that it had investigated the matter and were unable to determine who stole the rings. Appellant proved an alibi showing that he himself was at another place and not in Panhandle at the time the rings were taken. The evidence warrants the conclusion that the grand jury did investigate the matter and that they were unable to ascertain who stole the rings and that the appellant did not do so.

The proof is conclusive that appellant did receive and conceal the stolen rings. Of this there is no dispute. However, complaint is made that the evidence was illegally obtained, and the facts upon which such complaint is lodged are substan-

tially that the officers took charge of the appellant and by force obtained possession of the rings against his will. It is detailed that by physical force they carried him to a hospital and by the use of a fluoroscope located the rings in the lower part of the appellant's bowels. They had kept him under watch for hours and continued to do so, while he steadfastly refused to permit his bowels to move and pass the rings. Finally, they took him to another hospital and by the use of an effective enema, caused him, contrary to his wishes, to eliminate the rings. They were recovered from his bowels, and identified and produced in court. Under this state of facts, it is contended that the court committed error in permitting the evidence of the recovery of the rings to go to the jury. It is doubtful that there is sufficient evidence to convict if this evidence is not admissible.

A decision in this case is not without its difficulties. Appellant's counsel, though presenting an able oral argument in the case, has filed no brief and furnished no authorities upon which he relies for his contention. Upon a proper analysis of the questions presented, however, the correct conclusion to reach seems clear.

The act of the appellant in attempting to hide the evidence of his crime when made at the time of its commission or in connection with it is admissible as a part of the res gestae. Funston v. State, 38 S. W. (2d) 335; Kelly v. State, 278 S. W. 449. Likewise, the act of the appellant in resisting the officers in their efforts to recover the rings is proper evidence indicating guilt. Klein v. State, 277 S. W. 1074.

A well-settled line of authorities has sustained the trial courts in admitting evidence that the arresting officers may place the foot of the party accused of crime in tracks found on the premises showing that they were made with a foot of his size; that peculiar marks of the shoe were indicated by the tracks, etc. It is proper to thus handle one charged with crime for the purpose of securing proof of his guilt, there appears, at least, authority for the acts of the officers in taking possession of the appellant in this case and searching him for evidence of his guilt. This, however, it must be understood has its definite limitations.

It will be noted from the facts of this case that the officers had information pointing to the appellant's guilt; that after he came under their observation they saw him place a metallic object in his mouth which they took to be the rings in question, or one of them. This proved to be correct. His possession

of the rings and secreting them in the presence of the officers is the gist of the offense. He was, therefore, committing a felony in their presence. This gave them a legal right to arrest him and search his person. Hayes v. State, 28 S. W. (2d) 556; Bevins v. State, 7 S. W. (2d) 532. Where then should they end the search? If the rings remained in the appellant's mouth, they would have had as much right to search his mouth and secure the rings as if they were in his pocket. He swallowed them. They determined this by seeing him make three or four efforts to swallow something, which took place in their presence and which warranted them in continuing their search. There is no contention that the officers resorted to any cruel or inhuman method of determining the presence of the rings, nor in extracting them. They applied the most approved method of doing so. Under the directions of a skilled operator they located the rings in the appellant's bowels. Could it be said that if a thief has stolen property, sewed it up in his pocket, or in the lining of his coat, that the officers would have no right to cut the stitches or even to injure his clothing for the purpose of securing the valuables belonging to another and that when they did so there would be a question about the admissibility of the evidence thus obtained? The evidence is replete with the conduct of the appellant in fighting the officers physically resisting every effort made by them to procure the rings, but there is no evidence to indicate any cruelty or unusual treatment on their part in doing so. They gave him an enema, a very normal and natural thing to do, thereby extracting the rings which the appellant had chosen to secrete in this most unusual manner. If the act of the officers should be considered unusual, it was brought about by reason of the act of the accused party. We think that the officers had a legal right to arrest appellant and to search him and to continue that search to such a reasonable degree as to permit them to ascertain whether or not the appellant possessed the stolen property, which they had a right to believe he had. See also Art. 325, C. C. P.

The evidence was admissible and we find no irregularity in the procedure by which he was convicted.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant urges in his motion for a rehearing that the trial court was in error in failing to sustain his motion to quash

the portion of the indictment herein wherein it was alleged that appellant had been theretofore convicted of the crime of felony theft in a certain cause in Nueces County, Texas, said allegation being contained in the third count in the indictment, being the one upon which a conviction was had herein. The grounds urged for the quashing of such an allegation being that the crime of felony theft is not the same offense nor one of the same nature as the receiving and concealing of stolen property, as contemplated by Art. 62, P. C. We are not impressed with the strength of this contention. Both offenses must necessarily be concerned with stolen property, and both are offenses involving moral turpitude; both are concerned with property rights, and in our opinion are offenses of the same nature, and can be used upon a trial of either offense for the purpose of an enhancement of punishment.

Appellant again insists that the treatment of the officers in obtaining possession of the rings violated his constitutional and statutory rights in that the discovery of the presence of such rings in his person and their recovery was obtained in violation of law, and was therefore inadmissible against him upon the trial of the case under Art. 727a, C. C. P. Not only was he committing a felony in the officers' presence, as shown in our original opinion, and thus making it incumbent upon such officers to place him under arrest, but also under Art. 325, C. C. P., all persons have the right to prevent the consequences of theft by seizing any personal property which had been stolen and bringing such property, with the supposed offender, before a magistrate for examination, or delivering the same to a peace officer for that purpose. True it is that it took some time to seize said property, but we think the exigencies of the situation were met in a timely and humane manner, and in a logical way. Had appellant merely held these rings in his hand and refused to open it so that they might be recovered, we think the officers would have been justified in either waiting in patience until appellant saw fit to open his hand, or in forcibly opening the hand and recovering the property. So in this instance, after ascertaining the presence of these rings in appellant's body, they could either patiently wait until these rings passed through appellant's body in a natural way, or they could assist nature by means of an enema in recovering this stolen property.

We think this rather novel case has been properly disposed of in the original opinion, and the motion is overruled.