T. E. REED V. THE STATE.

No. 22662. Delivered January 12, 1944.
Rehearing Denied March 8, 1944.

The opinion states the case.

*Clay Coggins,* of Roby, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The conviction is for unlawfully transporting whisky in a dry area; the punishment, a fine of $250.00.

The sheriff of Mitchell County and a representative of the Texas Liquor Control Board, having been informed that appel-

lant was expected to be traveling along a certain highway, at night, with a load of whisky, stationed themselves thereon and laid in wait. They saw appellant driving down the highway and started chasing him. They were unable to pass or to overtake him. Some distance down the road the appellant was stopped by other officers. A woman companion was in the car with appellant. Two pints of whisky were found in the car. The officers searched the person of the woman companion and found, in the bosom of her dress, four pints of whisky.

While the sheriff was chasing appellant, he saw some objects thrown out of the car. He later returned to the place and found two sacks containing some broken bottles and seven pint bottles filled with whisky. The seven pint bottles of whisky were introduced in evidence; the broken bottles and sacks were not.

The appellant did not testify as a witness in his own behalf.

Appellant complains of the receipt in evidence of the seven pints of whisky mentioned, because same was hearsay and speculative. Under the facts stated, the seven pints of whisky were properly admitted in evidence as a circumstance tending to show the transportation of the whisky so found. Vaughn v. State, 116 Tex. Cr. R. 334, 28 S. W. (2d) 148; Kelly v. State, 102 Tex. Cr. R. 395, 278 S. W. 449; Asher v. State, 108 Tex. Cr. R. 263, 300 S. W. 944.

Complaint is made of the receipt in evidence of the four pints of whisky taken from the person of the woman companion, because, among other reasons, same was shown to have been in the exclusive possession of the woman, and there were no facts showing knowledge on appellant's part that she possessed the whisky. Note is to be taken of the fact that the testimony relative to the four pints of whisky was in no manner limited by the trial court in his charge.

It is shown by the testimony that the search of the person of the woman companion of appellant was prompted by the fact that the officer saw the top of a whisky bottle in her dress protruding above the neckline, and he removed four pints of whisky from the bosom of such dress·over her protest.

We are offered the case of Gilbreath v. State, 98 Tex. Cr. R. 80, 263 S. W. 922, as an authority holding such testimony not admissible as against appellant, the main reason ·therefor being that it was not shown that appellant had knowledge of the fact

that his companion had such liquor in her possession, and therefore he did not know that he was transporting such whisky. In the above case the facts evidence that accused and a companion were seen by an officer to go up a certain stairway; descending soon thereafter, accused's companion was seen to have some kind of a bundle under his coat, and after both parties had entered the accused's automobile, upon a search, the companion was found to be in possession of certain whisky. It is here worthy of note, however, that no further whisky was found in Gilbreath's automobile, and none on his person. In that case we think it was correctly held that in order to hold Gilbreath as responsible for the possession of the whisky found in the possession of his companion, it was necessary to show that he knew that such companion had such whisky concealed upon his person, and therefore the accused would have been guilty of transporting such whisky. We do not think such case can be utilized as decisive of the facts presented in the instant case. It seems that there were two pints of whisky found in the car by the officers, and we think it reasonable to say that the jury evidently thought, and were justified in thinking, that there were several other pints of whisky thrown from the car while under pursuit by the sheriff. That appellant, who had the same opportunity of seeing as did the officers, doubtless saw the bottle of whisky appearing above the dress of his woman companion. We thus find ample testimony showing the presence of nine pints of whisky outside of those concealed on the woman's person. We think there is no error evidenced by the showing of the presence of these four extra pints of whisky in the lady's possession.

A further bill of exceptions complains of the fact that the jury, after spending sometime in deliberating upon their verdict, and before returning such verdict, came into court and asked the court the following question: "Was the defendant's attorney correct in his argument to the jury that defendant's automobile was to be sold in addition to any other penalty that may be imposed?" To which question the court refused to give any answer save that the innocence or guilt of the defendant alone was before the jury. We see no other course that the court could have pursued in such matter. Evidently the appellant's attorney had injected such an issue in the case in argument before the jury, and we think the court was correct in confining his answer to the jury's question to the guilt or innocence of appellant.

We see no error herein, and the judgment will therefore be affirmed.

ON MOTION FOR REHEARING.

DAVIDSON, Judge.

The jury was authorized to convict appellant upon the evidence showing the transportation by him of the two pints of whisky found in the automobile. There is nothing in the record to indicate that the conviction was not predicated upon such testimony, nor that the jury convicted appellant, alone, of transporting the whisky found in the sacks by the side of the road.

Appellant's contention that the circumstances relative to the whisky found in the sacks were insufficient to support the conviction is untenable.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.