Elbert Kirksey v. The State.

No. 982. Decided February 22, 1911.

**1.—Local Option—Continuance—Practice on Appeal.**

Where a case is reversed on other grounds than the overruling of appellant's application for continuance, it is unnecessary to rule thereon on appeal.

**2.—Same—Election Contest—Collateral Attack.**

Under the Act of the thirtieth Legislature, page 447, session Acts, an election contest over the validity of a local option election must be brought directly in the district court within thirty days after the result of the election, and the validity of the election cannot be raised in a prosecution of a violation of such local option law. After sixty days the validity of the election is presumed in the absence of a contest.

**3.—Same—Evidence—Impeachment—Other Offenses.**

Upon trial of a violation of the local option law it was reversible error to permit the State's counsel to ask defendant when on the witness stand how many times he had been previously indicted for selling intoxicating liquors, and to compel him to answer this question. Following Simmons v. State, 55 Texas Srim. Rep., 441, and other cases.

**4.—Same—Argument of Counsel.**

See opinion for admonition of counsel never to go outside of the record in the discussion of a case.

Appeal from the District Court of Shelby. Tried below before the Hon. Jas. I. Perkins.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Anderson & Davis,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—In this case the defendant was convicted in the

District Court of Shelby County of the offense of violating the local option law.

Defendant complains of the action of the court in overruling his application for a continuance. Inasmuch as this case will be reversed on other grounds assigned, it is needless to discuss this matter.

In bill of exception No. 2 defendant complains of the refusal of the court to permit him to contest the validity of the local option election held in Shelby County on the 11th day of September, 1909. In this the court did not err. In the Acts of the Thirtieth Legislature (page 447 of the Session Acts), we find the following law: "Section 1. That article 3397 of title LXIX, Revised Civil Statutes of Texas, be so amended as to hereafter read as follows:

" 'Article 3397. At any time within thirty days after the result of the election has been declared, any qualified voter of the county, justice's precinct or subdivision of such county, or any town or city of such county in which such election has been held, may contest the said election in the District Court of the county in which such election has been held, which shall have original and exclusive jurisdiction of all suits to contest such election, and the proceedings in such contest shall be conducted in the same manner as has been or may hereafter be prescribed, and said court shall have jurisdiction to try and determine all matters connected with said election, including the petition of such election and all proceedings and orders relating thereto, embracing final count and declaration and publication of the result putting local option into effect, and it shall have authority to determine questions relating to the legality and validity of said election, and to determine whether by the action or want of action on the part of the officers to whom was entrusted the control of such election, such a number of legal voters were denied the privilege of voting as had they been allowed to vote might have materially changed the result, and if it shall appear from the evidence that such irregularities existed in bringing about said election, or in holding same, as to render the true result of the election impossible to be arrived at, or very doubtful of ascertaining, the court shall adjudge such election to be void, and shall order the proper officer to order another election to be held, and shall cause a certified copy of such judgment and order of the court to be delivered to such officer upon whom is devolved by law the duty of ordering such election. It is further provided that all such cases shall have precedence in the District Court and appellate courts, and that the result of such contest shall finally settle all questions relating to the validity of said election, and it shall not be permissible to again call the legality of said election in question in any other suit or proceeding; and provided further, that if no contest of said election is filed and prosecuted in the manner and within the time provided above, it shall be conclusively presumed that said election as held, and the result thereof declared, are in all respects valid and binding upon all courts; provided also that pending such contest the enforcement of

local option law in such territory shall not be suspended, and that all laws and parts of laws in conflict herewith be, and the same are hereby repealed.

"Section 2. Any qualified voter of any county, justice precinct or subdivision of any county, or any town or city within this State which has heretofore voted on local option, may contest said election under the provisions of this Act, and if no contest is filed within sixty days from the taking effect of this Act, it shall be conclusively presumed that said election as held was valid in all things and binding upon all courts."

In bill of exception No. 3 defendant complains that the district attorney, while defendant was on the stand testifying in his own behalf, was permitted to ask him how many times he had previously been indicted for selling intoxicating liquors, and over the objection of defendant he was required by the court to answer that he had been indicted several times, and had been convicted and fined under the misdemeanor statute. This court in a number of cases has held that when a defendant was being tried for making a sale of intoxicating liquors no evidence of any other sale to any other person was admissible. In Simmons v. The State, 55 Texas Crim. Rep., 441, Judge Ramsey, in reversing the case, says: "We believe that the decision in the Levine case that proof of conviction of other sales of intoxicating liquors is admissible as affecting the credibility of the appellant is unsound. That the decision in the Dickey case, supra, that such testimony may be used as original evidence of guilt, is inherently wrong, to our minds admits of no doubt. We understand the rule to be that charges preferred in a legal manner, and certainly convictions of crime which imply moral turpitude, are receivable in evidence as affecting the credibility of a witness or a defendant, but this rule has not been applied, we think, and should not be applied in respect to convictions which do not involve moral obliquity or of the grade of felony, or such as are not of the class that the law recognizes as involving moral turpitude. We feel, therefore, that the rule laid down in the Stewart and Marks cases, supra, is the correct rule. It therefore follows that the court erred in receiving in evidence testimony of former conviction of violating the local option law in Hill County, even though limited for the purpose of impeachment." This holding is approved in Hightower v. State, 60 Texas Crim. Rep., 109, 131 S. W., 325.

Complaint is also made about the remarks of the district attorney. We wish to again say, and to emphasize it, that prosecuting officers ought never to go outside the record. Convictions are worth nothing, and expensive to the State, when obtained by improper conduct on the part of her officials. Abuse should never be resorted to. Discuss the evidence in the case, and do not attempt to testify.

For the error above pointed out, this case is reversed and remanded.

*Reversed and remanded.*