## FRIEDMAN v. UNITED STATES.*

(Circuit Court of Appeals, Sixth Circuit. June 30, 1926.)

No. 4516.

**1. Criminal law ⬤⇒404(4).**

Cases purporting to contain whisky, which defendant was charged with selling, *held* properly admitted in evidence, in view of testimony identifying cases as those sold by defendant.

**2. Intoxicating liquors ⬤⇒236(1).**

Evidence *held* sufficient to sustain conviction of unlawful possession and unlawful sale of intoxicating liquors.

**3. Criminal law ⬤⇒984.**

Imposing separate sentences on counts for unlawful possession of intoxicating liquor and for unlawful sale thereof *held* erroneous.

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Louis Friedman was convicted of unlawful possession of intoxicating liquor and unlawful sale of intoxicating liquor, and he brings error. Sentence on first count vacated, and conviction affirmed as to second count.

Leonard S. Coyne, of Detroit, Mich., for plaintiff in error.

John A. Baxter, Asst. U. S. Atty., of Detroit, Mich. (Delos G. Smith, U. S. Atty., of Detroit, Mich., on the brief), for the United States.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

PER CURIAM. The plaintiff in error was convicted upon counts 1 and 2 of an indictment containing five counts, each count charging a violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The first count charged him with the unlawful possession, and the second with the unlawful sale, of intoxicating liquor fit for use for beverage purposes. He was sentenced on the first count to pay a fine of $500, and on the second to imprisonment in the Detroit House of Correction for 5 months and 29 days.

[1] The plaintiff in error relies particularly upon the claim that the court erred in admitting in evidence two wooden cases purporting to contain the whisky that the plaintiff in error was charged in the second count of the indictment with selling to Philip Friedman. In support of this assignment of error it is claimed that the boxes and contents were not properly identified, but Rieger, a federal enforcement officer, testified positive-

*Rehearing denied October 7, 1926.

ly on behalf of the government that these were the same two cases of whisky that Philip Friedman purchased from Louis Friedman on the 28th of November, 1923, and upon cross-examination fully detailed the facts and the circumstances by which he was able to identify the same. In view of Rieger's testimony, the exhibits were properly admitted in evidence. The truth of Rieger's testimony, and the certainty or lack of certainty of his identification of these cases, were questions for the jury.

[2] It is also insisted that the verdict and judgment are not sustained by the evidence. Two government witnesses testified positively that they were present when Philip Friedman purchased two cases of Scotch whisky from Louis Friedman, for which he paid Louis Friedman $120. Witness Rieger testified that he knew the smell of whisky; that he had smelled the contents of the bottles in these cases and that it was whisky. Both government witnesses further testified that Louis Friedman said it was whisky when he asked for and received the purchase price from Philip Friedman. It would therefore appear that the verdict and judgment are sustained by substantial evidence.

[3] It is conceded by counsel for the government that the trial court erred in imposing separate sentences on the defendant on both the first and second counts of the indictment. Schroeder v. United States (C. C. A.) 7 F. (2d) 60, and cases there cited.

The sentence upon the first count is vacated, and the conviction and sentence on the second count is affirmed.