Luther Gaunce v. The State.

No. 11428.   Delivered March 14, 1928.

Rehearing denied April 25, 1928.

1.—Sale of Intoxicating Liquor—Charge of Court—On Circumstantial Evidence—Properly Refused.

Where, on a trial for the sale of intoxicating liquor, state's witness testified that he went to appellant's house and bought from him two bottles of whiskey and paid him money, and was positive in his identification of appellant, a charge on circumstantial evidence was not called for.

**2.—Same—Allegation and Proof—No Variance Shown.**

Where the indictment charged appellant with the sale of intoxicating liquor to John McBrayer and the proof showed that Joe McBrayer went with John to appellant's house, and gave John two dollars with which to purchase a bottle of whiskey for himself, and that John McBrayer did purchase and pay appellant for two bottles of whiskey, there was no variance between the allegation and proof.

**3.—Same—Continuance—Illness of Attorney—Properly Refused.**

Where appellant complains of the refusal of a continuance on account of the illness of his attorney, who was shown to have been present at the trial and represented his client in an able and masterly manner, no error is presented.

ON REHEARING.

**4.—Same—No Error Disclosed.**

On rehearing, appellant contends that the facts called for an instruction on the law of circumstantial evidence. We cannot agree with such contention, and the motion for rehearing is overruled.

Appeal from the District Court of Fannin County. Tried below before the Hon. George P. Blackburn, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor, punishment three years in the penitentiary.

The facts appear amply sufficient to support the conviction. There are five bills of exception. Bill No. 1 sets out the evidence of a state witness and appears to be reserved to the action of the court in entering judgment on the verdict of the jury on the ground that same did not support the judgment. No error appears.

Bill No. 2 complains of the refusal of a peremptory instruction to acquit. The charge was properly refused. Bill No. 3 was taken to the refusal of the court to give a special charge on circumstantial evidence. This charge was correctly refused. The state witness testified that he went to appellant's house and bought from him two bottles of whiskey. He positively identified appellant as the man from whom he bought it. He testified to the amount of money he paid, that he knew appellant's voice, etc. The case does not seem to be one on circumstantial evidence.

Bill No. 4 seems to be to the refusal of the court to instruct a verdict of not guilty, asked because of a variance between the allegation and the proof. The allegation was of a sale to John McBrayer, who testified that he and Joe McBrayer went to appellant's house in a car together on the night in question. He said that each of them wanted a bottle of whiskey, and that Joe gave him two dollars when they reached the house, and that he bought from appellant two pints of whiskey, paying him two dollars for each pint. He said he got one for himself and one for Joe. We think the allegation and the proof correspond.

The court refused to continue this case because of the alleged illness of appellant's attorney. The bill of exceptions is qualified by the statement that appellant's attorney claimed by him to be ill, was present at the trial and represented his client in an able and masterly manner. We do not think the bill shows any error.

Being unable to agree with any of the contentions made on behalf of the appellant, the judgment will be affirmed. ·

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE. — Appellant's motion for rehearing is based on the sole contention that the facts called for an instruction on the law of circumstantial evidence. With this point in mind we have again carefully examined the facts, the result being that we still think appellant's contention is not meritorious.

The motion is overruled.

*Overruled.*