## C. F. Adams v. The State.

No. 11960. Delivered November 14, 1928.
Rehearing denied December 19, 1928.

The opinion states the case.

*Marshall & King* of Graham, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—The indictment contained two counts; the first charged possession of intoxicating liquor for the purpose of sale; the second charged the transportation of such liquor; both counts were submitted and the jury found appellant guilty under the second count and assessed the punishment at one year in the penitentiary.

Appellant attacks the sufficiency of the evidence in two particulars, the first being that the evidence fails to show transportation, the second that it fails to show appellant's connection with or knowledge of the transportation if it occurred. Upon the first point the officer testified that he "saw the car in motion and saw it come up there"— that is, to the place where the arrest occurred. This seems to dispose of appellant's first contention. Three men were in the car, Robbins, to whom the car belonged, and who was driving, appellant who was sitting in the front seat with Robbins, and Hazlett who was on the rear seat. When the officer went to the car he saw a jar of whiskey setting between appellant's legs; that was all the whiskey the officer discovered when he first got to the car. The car with the men in it was driven to the jail, and when appellant started to get out of the car another half gallon jar of whiskey was discovered between his feet. The witness says "There was one in his lap and one between his feet. . . . Mr. Hazlett had two jars of whiskey setting by him on the right side of the back seat." Under the undisputed facts it seems highly improbable that appellant could have been ignorant of the presence of the whiskey. By no witness does appellant undertake to account for his presence in the car under circumstances which might raise an issue as to his innocent connection with the transaction. The facts seem amply sufficient to justify the verdict. As supporting his claim that the evidence is insufficient appellant cites West v. State, 93 Tex. Cr. R. 370, 248 S. W. 371; Warren v. State, 94 Tex. Cr. R. 243; 250 S. W. 429; Gilbreath v. State, 98 Tex. Cr. R. 80; 263 S. W. 922; Ponton v. State, 99 Tex. Cr. R. 93, 268 S. W. 155; Meyer v. State, 102 Tex. Cr. R. 615,

279 S. W. 460. The facts in the present case are so different from those in the cases referred to that they are not thought to furnish a basis for appellant's contention.

The verdict of the jury found appellant to be guilty of transporting intoxicating liquor. The judgment and sentence were erroneously entered adjudging him guilty and directing punishment for possessing intoxicating liquor for the purpose of sale. The judgment and sentence are now here reformed to follow the verdict and adjudging appellant to be guilty of transporting intoxicating liquor, and directing punishment for the latter offense.

As reformed the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for a rehearing upon the ground that the testimony is insufficient to sustain the judgment of conviction, claiming that the contents of the fruit jars found in possession of appellant were not shown to be whisky. We can add little to what has already been said. The officers testified positively to the contents of said fruit jars. Said fruit jars and their contents were offered in evidence before the jury. It was referred to by all the witnesses as whisky. No sort of controverting testimony was introduced by appellant or elicited from any witness for the State. A witness said appellant had one jar of whisky in his lap and one between his feet. We deem the jury well within their province in concluding that same was whisky.

The motion for rehearing will be overruled.

*Overruled.*