The judgment is reversed, and the cause remanded.

**David BURTON, Appellant, v. STATE of Texas, Appellee.** (No. 12490.)

Court of Criminal Appeals of Texas. April 17, 1929.

Taylor & Irwin and G. L. Armstrong, all of Dallas, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is theft of property under the value of $50; the punishment, confinement in the county jail for 180 days.

No statement of facts or bills of exception are found in the record. No question is presented for review.

The judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

**BURTON v. STATE.** (No. 12491.)

Court of Criminal Appeals of Texas. April 17, 1929.

Taylor & Irwin and G. L. Armstrong, all of Dallas, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, misdemeanor theft; penalty, 180 days' imprisonment in the county jail.

Appellant pleaded guilty to the offense. The point is attempted to be raised on motion for new trial that such plea was taken without any warning having been given to appellant and the judgment of guilty rendered without hearing any evidence. There is no merit in either of these contentions. By the specific terms of article 518, C. C. P., such judgment may be rendered without hearing evidence. Nor is it necessary in misdemeanor cases to give the admonition prescribed by article 501, C. C. P., for felony cases upon a plea of guilty. Johnson v. State, 39 Tex. Cr. R. 625, 48 S. W. 70.

Finding no error in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

**BELTZ v. STATE.** (No. 12416.)

Court of Criminal Appeals of Texas. May 1, 1929.

Bell & Bell, of Childress, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for possessing intoxicating liquor for the purpose of sale; punishment being one year in the penitentiary.

Under authority of a proper warrant the sheriff searched a garage owned by appellant and found therein 22 pints of whisky. Some of it was in pint bottles and some in fruit jars. One pint bottle had a funnel in it. The whole situation presented an appearance as though the whisky was being transferred from the fruit jars to the pint bottles. The sheriff testified that, when he told appellant he wanted to search the garage, appellant said he had some "stuff" in there, and the sheriff then told him he was fixing to get "in bad," and appellant replied that he knew it, but owed something like a thousand or two dollars on his building and was trying to take care of that. On the trial appellant denied having told the sheriff that he had some "stuff" in the garage, and claimed that the conversation with reference to owing something on the building occurred between him and the sheriff at an entirely different time and was not in connection with any liquor or search for same.

Appellant testified that a number of negroes lived near him and that some of them were permitted to use the garage for different purposes. Another witness testified that early on the morning of the day of the search witness saw a negro, who was known as "Boll Weevil," go into the garage carrying a sack which had something in it which "sounded like jars." The court instructed the jury if they believed the intoxicating liquor belonged to "Boll Weevil," or any person other than appellant, and that appellant had "no unlawful connection with the intoxicating liquor, if any, as charged in the indictment," then they should acquit. Appellant objected to the instruction upon the ground that the only connection with the liquor charged against appellant was possessing it for the purpose of sale, and contends that to require the jury to find that appellant had "no unlawful connection" with the whisky was unauthorized and injurious. Under some state of facts the criticism of the charge might be justified, but we think it harmless under the circumstances of the present case. There is no evidence tending to show appellant's connection with the whisky in any unlawful way, unless it be possession for the purpose of sale; that was the specific and only charge in the indictment and the instruction complained of, authorized acquittal if appellant had no unlawful connection "as charged in the indictment."

Appellant complains because of the refusal of a special charge the substance of which was that the jury should acquit unless they believed beyond a reasonable doubt that the liquor found was intoxicating. The request for the charge was based upon the officer's testimony that he arrived at the conclusion that the liquor was whisky by smelling it. He said, however, he knew it was whisky. It was referred to as whisky throughout the entire statement of facts; appellant himself testified that he did not know there was any "whisky" in the garage until the officer found it. The facts justified the court in charging the jury if they found from the evidence beyond a reasonable doubt that appellant had "whisky" in his possession for the purpose of sale, they should convict, and under the circumstances the court was not called upon to give appellant's requested charge to acquit unless the jury found the liquor to be intoxicating.

In his main charge the court defined possession as meaning "the exercise of care and control" of the liquor. No objection seems to have been presented complaining of this definition. A special charge was requested couched in practically the same language, but also including the word "management." The court having charged upon the subject, and there being nothing in the written objections filed nor in the special charge requested pointing out any claimed defect in the instruction given, we think if there had been error in the charge, it was not specifically pointed out as required by article 658, C. C. P. However, we see no material difference in the charge given and the one requested.

Other objections to the court's charge and complaints for refusal of special charges have been examined; none of them, in our opinion, is meritorious.

The judgment is affirmed.

MORROW, P. J., not sitting.