NOAH THACKER V. THE STATE.

No. 18449.    Delivered June 17, 1936.
Appellant's Rehearing Granted December 9, 1936.
State's Rehearing Denied February 10, 1937.

The opinion states the case.

*Minton & Minton,* of Hemphill, for appellant.

*J. R. Bogard,* of San Augustine, *Hollis Kinard,* Dist. Atty.,

of Orange, and *Lloyd W. Davidson*, State's Atty., of Austin, for the State.

KREUGER, JUDGE.—The appellant was convicted of the offense of murder with malice aforethought, and his punishment was assessed at confinement in the state penitentiary for a term of twenty years.

Appellant's first contention is that the evidence is insufficient to sustain his conviction. If the facts and circumstances proven are sufficient to show appellant to be a principal, the conviction should be affirmed. If not, then the case should be reversed. Art. 69, P. C., 1925, provides: "Any person who advises or agrees to the commission of an offense and who is present when the same is committed is a principal whether he aid or not in the illegal act." That appellant was present when the offense was committed is abundantly proven. Hence we need only consider whether the acts, conduct, and declarations of appellant are such that a jury might reasonably draw the conclusion that he had theretofore with the other parties agreed to the commission of the offense. Agreements to commit offenses are seldom the subject of direct and positive testimony. Hence resort usually is had to circumstances and if the circumstances are such that an unprejudiced mind searching for the truth might logically reach the conclusion that an agreement existed, then the proof is sufficient to meet the requirements of the law.

The record shows that on the day of the alleged homicide the appellant, his brother, Tom Burleson, and Eron Harris, were riding around together in a car, that they drove up to the northeast side of the public square in the town of San Augustine and parked their car. The deceased was standing across the street on the sidewalk near a mercantile establishment. The four parties immediately walked over to where deceased was and Harris began to curse and hit him. Appellant said to Harris, "Yes, look him in the eye. Tell him and shake his hand." After Harris had struck the deceased, deceased started to run into the store and when he did so Harris said to Burleson, "Shoot him Tom," and Burleson began to shoot him. After deceased had entered the store Burleson, accompanied by appellant, followed him. Appellant did not enter the store to make any purchase or to see anyone. Hence a logical inference to be drawn from his act is that he and Burleson were pursuing the deceased. Their going together to where the deceased was, the remark of the appellant as herein above quoted, the shooting of the deceased by Burleson at the request of Harris, the

act of appellant and Burleson in pursuing deceased into the store, the fact that Harris knew that Burleson had a gun, and the fact that appellant stepped aside to give Burleson a clear view of deceased when he drew his pistol we think are sufficient circumstances to show a prior agreement on the part of all.

By bill of exception number one complaint is made of the action of the trial court in declining to peremptorily instruct the jury to return a verdict of not guilty. Such was not error under the facts as herein above discussed.

Bill of exception number two complains of the court's declining to give appellant's requested instruction to the effect that before they could consider the guilt of the appellant they must find and believe from the evidence beyond a reasonable doubt that Tom Burleson shot and killed deceased, John Gann, under circumstances as to constitute murder either with or without malice, and if they had a reasonable doubt thereof, to acquit him. We believe the court's main charge in reference to the matter embraced in the requested special instruction fully covered the subject complained of.

By bill of exception number three appellant complains of the following closing argument of the district attorney, to-wit: "The only defense made in the testimony in this case is the testimony of Jeff Davis that defendant has never heretofore been convicted of a felony"—to which appellant objected on the ground that it was an inference that appellant failed to testify in his own behalf. We cannot agree with the appellant in his contention. He did not testify and the only testimony offered by him was that of Jeff Davis in support of his plea for a suspended sentence. Hence the argument complained of was justified.

By bill of exception number four appellant complains of the following argument of the district attorney: "Noah Thacker was indicted by the first grand jury of San Augustine County which convened after he testified about the commission of the crime."—to which appellant objected because there was no evidence from any source that this defendant had ever testified about the killing of John Gann and such a statement so made by the State's counsel constituted a material error to the injury and prejudice of appellant, in view of the fact that defendant had failed to testify in this case. This bill as well as the foregoing bill of exception is insufficient because it is not shown in the bill that appellant did not in fact testify. This bill does not certify that the argument was about matters which were not in fact before the jury. There is nothing shown in the bill of ex-

ception whereby the argument might not be deemed legitimate and proper. Hence we overrule appellant's contention. See Fowler v. State, 89 Texas Crim. Rep., 623, 232 S. W., 515; Smith v. State, 82 Texas Crim. Rep., 158, 198 S. W., 298.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The prosecution grows out of the same episode as that portrayed in the case of Harris v. State, 97 S. W. (2d) 226. The evidence before the jury in the Harris case correctly sets forth the facts as related by the witnesses upon the trial, but the evidence adduced upon the appellant's trial is not regarded such as to characterize him as a principal offender. The law of principal offender is accurately stated by Mr. Branch in his Ann. Tex. P. C., p. 345, Art. 75, in the following words:

"When an offense is actually committed by one or more persons, but others are present, and knowing the unlawful intent, aid by acts, or encourage by words or gestures, those actually engaged in the commission of the unlawful act, or who, not being actually present, keep watch so as to prevent the interruption of those engaged in committing the offense, such persons so aiding, encouraging or keeping watch are principal offenders, and may be prosecuted and convicted as such."

Briefly stated, the evidence in the present instance is to the effect that the appellant, in company with Tom Burleson, Eron Harris and Sandy Thacker, were riding together in an automobile upon the streets of San Augustine, Texas. They parked their car on the court-house square and walked across the street to the Clark-Downs Hardware Store, where the deceased, John Gann, was standing. Upon meeting the deceased, the parties mentioned all shook hands with him. Eron Harris then struck the deceased with his fist, whereupon Tom Burleson pulled his pistol and started shooting. The deceased then ran inside the building and fell in a corner. He died without uttering a word. No weapon of any character was found upon the body of the deceased. No witness saw him make any advance or gesture towards the appellant or his companions. A witness testified that he heard Burleson say to the deceased: "Any G— d— s—

of a b— that jumps on any of my brothers or brother-in-law, I will kill him."

We fail to perceive in the record any cogent fact going to show that the appellant had any grievance against the deceased or had any desire or reason to kill him. The fact that appellant was one of the four persons who were riding in an automobile immediately before the homicide may be the basis of conjecture but in the opinion of the writer it does not stand out as evidence upon which the liberty of a citizen may be curtailed. When the deceased was assaulted it was not the appellant who was the assailant but Eron Harris who was the aggressor. Appellant had no contact with the deceased save to shake his hand upon their arrival. The appellant, like many other persons, was present at the time of the homicide, but the blow upon the deceased was from the hand of Eron Harris. That appellant was one of the assailants is regarded by the writer as a mere conjecture. No relationship is shown between the appellant and Eron Harris, the person who struck the deceased, and then encouraged Burleson to shoot him. In the opinion of the writer, there is no tangible reason discernible from the record for the conviction and imprisonment of the appellant for the murder of the deceased.

Entertaining the views expressed above, the court is constrained to grant the appellant's motion for rehearing, to set aside the affirmance and to order that the judgment be now reversed. It is so ordered.

*Judgment reversed.*

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State has now filed a motion for rehearing which was presented in oral argument by Hon. Hollis Kinard, District Attorney of the First Judicial District, who is recognized as one of the ablest prosecuting officers in the State. While commending his zeal in representing the State we find ourselves unable to agree with his contention that appellant should be held under the evidence a principal with Tom Burleson in the killing of John Gann. Upon consideration of appellant's motion for rehearing each member of the court gave his best attention to an analysis of the evidence upon the point at issue. Having before us at the same time the Harris case, in which the facts were somewhat variant from the record in appellant's case, it was difficult to differentiate the cases. But this we endeavored to do as best we could. We realize that it is sometimes difficult to present in the record a true picture of

an occurrence, but we must of necessity be governed by the impressions gathered from the record in matters of this kind. Many of the circumstances relied on as criminative against appellant appear subject to explanation upon grounds consistent with his innocence of an acting together with Burleson in the killing.

Believing the proper disposition was made of the case at the time appellant's motion was granted, the State's motion is overruled.

*Overruled.*