# LUTHER ROCKHOLT V. THE STATE.

No. 20287.  Delivered March 22, 1939.

The opinion states the case.

*Marshall & Perkins* and *Charles C. McDugald,* all of Quanah, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is possession of intoxicating liquor in dry area for purpose of sale. The punishment assessed is a fine of $100.00.

Appellant challenges the sufficiency of the complaint and information to charge an offense under the law. The information, omitting the formal parts, reads as 'follows: * * That on or about the 12th. day of July A. D. 1938, in the County of Hardeman and State of Texas, one Luther Rockholt did then and there unlawfully possess, for the purpose of sale, an alcoholic and intoxicating beverage, containing alcohol in excess of 4 per cent by weight, to-wit: Grain alcohol, gin and wine, after an election had been theretofore held by the qualified voters of said county, in accordance with law, to determine whether or not the sale of intoxicating spiritous liquor, to-wit: Whisky, should be prohibited in said county, and such election had resulted in favor of prohibiting the sale of such intoxicating liquor in said county.

Then follows the necessary averments as to the orders made by the Commissioners' Court relative thereto, and which conclude with the allegations that said election was held on the 12th day of September, 1907, etc.

Appellant takes the position that the information charges that the sale of whisky *alone* was. prohibited by the election and therefore he could not be convicted by proof that he possessed gin and wine. We are not in accord with said contention. The election held in September, 1907, was held in accordance with the provisions of Art. 3384 R. C. S., as originally enacted in 1887 and amended in 1893, providing for elections to determine whether or not the sale of intoxicating. liquors should be prohibited within said county. (See Vernon's Sayles' Texas Civil Statutes (1914) Vol. 4, p. 3862, Arts. 5715-5730.) Upon the repeal of the amendment to our Constitution (Sec. 20) prohibiting the sale, etc. of intoxicating liquors in this State, it restored to each county or subdivision thereof, its former status relative to prohibiting the sale of intoxicating liquor as it existed before the adoption of the Constitutional Amendment. Therefore, the status of Hardeman County is the same today as it was after the election in 1907.

Under the present law, the people have a right, by an election held for that purpose, to legalize the sale of intoxicating liquor

or limit it to beer and wine, but unless such is done, it is unlawful to possess, for the purpose of sale, etc., any intoxicating liquor in any county or subdivision thereof in which the sale was prohibited prior to the adoption of the Constitutional Amendment above mentioned. We therefore overrule his contention.

Appellant next complains of the testimony of the officers as to what they found in appellant's home as a result of a search thereof. He objected thereto on the ground that the affidavit for the search warrant was made upon information. The affidavit states: "Affiants have been to said place on several occasions and know that the said person sells whisky. Have found him with the same, and have received reliable information that whisky is there now." We deem the affidavit sufficient.

By bill of exception number five, appellant complains of the introduction in evidence of the search warrant on the ground that the same was hearsay, inflammatory and prejudicial. We are of the opinion that appellant's position is well-taken. This court has held that a search warrant is not admissible in evidence before the jury. See Seay v. State, 115 S. W. (2d), 419; 134 Tex. Crim. Rep., 252.

Appellant, by proper bill of exception, complains of the introduction in evidence of two card board boxes labeled "Calvert's Reserve Blended Whisky" and "Grainwood Bourbon Whisky." These boxes did not contain any liquor, but were filled with women's wearing apparel. The mother of appellant and a roomer lived with him. It is not shown what connection appellant had with these boxes, how long they had been there, or who brought them there. From the testimony, it appears to us that the mother or some lady used the boxes in which to store wearing apparel. Under the facts as disclosed by the bill, we do not believe this testimony was admissible.

The sufficiency of the testimony presents a serious question, but we do not deem it necessary to discuss the matter at this time.

For the errors pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.