## ODELL STEPHENS V. THE STATE.

No. 20470. Delivered October 11, 1939.
Appellant's Motion for Rehearing Denied (Without Written Opinion) November 29, 1939.

44

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is possession of whisky in dry area for purpose of sale; the punishment assessed is confinement in the county jail for a period of thirty days.

Appellant, by proper plea, questions the jurisdiction of the County Court over cases of this nature. He seems to take the position that since Brown County was dry area prior to the adoption of Section 20 of Article 16 of the Constitution of this State in 1919, and the penalty for a violation thereof was a felony, that offenses since the adoption of the amendment of the same section in 1935 are also felonies, inasmuch as the status of the county was restored as it existed prior to 1919.

The amendment to the Constitution in 1935 provides among other things as follows: "* * In all counties, justice's precincts or incorporated towns or cities wherein the sale of intoxicating liquors had been prohibited by local option elections held under the laws of the State of Texas and in force at the time of the taking effect of Section 20, Article XVI of the Constitution of Texas, it shall continue to be unlawful to manufacture, sell, barter or exchange in any such county * * * * * any intoxicants whatsoever, for beverage purposes, unless and until a majority of the qualified voters * * * shall determine such to be lawful."

Appellant apparently contends that the provision in the amendment that it shall continue to be unlawful to manufacture, sell, or possess intoxicating liquor in such areas for the purpose of sale, etc., cannot be taken as a prohibitory provision to which the penalty prescribed in the Texas Liquor Control Act can have application, but may only apply to such territory as was wet area prior to the adoption of the amendment in 1919. We are unable to agree with him. He seems to loose sight of the fact that by the amendment of the above

referred to article, all such area in which the sale of intoxicating liquor had been prohibited by local option elections held prior to the taking effect of the amendment in 1919 retained their dry status. In other words, the amendment to the Constitution in 1935 did not undertake or intend to abolish local option as it existed prior to the adoption of Section 20 of Article 16. The power to amend, revive or reenact a law rests with the people of the State. They can amend the Constitution in any particular that they desire. All area that was dry by virtue of local options elections prior to the adoption of Sec. 20 of Art. 16 of the Constitution in 1919 were expressly restored to such status by the amendment of 1935, and the Legislature had a right to prescribe a penalty for violation thereof, which it did in the Texas Liquor Control Act. See Ferguson v. State, 133 Tex. Crim. Rep., 250, 110 S. W. (2d), 61.

Appellant has also brought forward a number of bills of exceptions complaining of the admission of evidence and a number of objections to the court's charge. In the absence of a statement of facts, we cannot properly appraise the same.

No errors appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.