# FEBRUARY 24, 1943

LEROY BOULDIN V. THE STATE.

No. 22388. Delivered February 24, 1943.

The opinion states the case.

*Baker & Baker*, of Coleman, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted for the illegal sale of whisky in a dry area, and fined the sum of $200.00.

The testimony of the State showed a sale of whisky to a soldier, and the payment therefor for two half pints in the sum of $2.50.

Appellant contends that the trial court erred in overruling his application for a continuance in order that he might obtain the testimony of one Carroll Soape who was not in attendance upon the trial hereof. The motion for a new trial has appended thereto an affidavit of Soape, the absent witness. It appears therefrom that if Soape had been present he would have testified that at the time of the alleged sale he was in close proximity of the appellant's wife, and he heard one Bob Miller, a deputy sheriff, ask appellant's wife where her husband was; that immediately thereafter the same Bob Miller came into Soape's presence and asked him whether he, Soape, had just gone out to where the two soldiers were in a car, which trip the witness denied having made. The affidavit then tells about the same Miller searching behind some boxes and other objects in the said witness' store, which was separate and apart from appellant's office, although

near by. The affidavit then goes on to relate some effort upon the part of this deputy sheriff Miller to search Soape's car.

It is thought by us that the asking of Soape if he had not gone out to the soldier's car at about the time the sale of whisky was said to have been made might have had some bearing on who Bob Miller thought was the person who made the sale to the soldiers as complained of in the complaint and information; however Miller did not testify, nor did anyone,—other than what is disclosed in the motion for a continuance,—ever intimate that the person who, the soldiers testified, made the sale was any other than appellant. Mr. Miller, not having testified, of course did not say who made the sale, nor who approached the car at the time the sale was made. We, therefore, say that the testimony as set forth in this affidavit would not have been admissible for any purpose that is evident in the record before us. Of course, the testimony of the absent witness must be material to some issue in the case, otherwise it would be futile to grant a continuance or a new trial on account of the absence of such testimony. We see no error in overruling the motion.

Appellant also complains because he says that it is not shown by the testimony that the two half pint bottles, testified to by the two soldiers as having been bought by them, contained whisky. It is true that it is not shown that anyone opened these bottles, tasted or smelled their contents, but it is shown by the witnesses that the soldiers asked appellant for some whisky; that appellant brought out two bottles of whisky, and was paid $2.50 therefor. These two bottles were introduced in evidence, bearing the label of "Town Tavern." Appellant, so the witness said, was told the witness would like to get some whisky, and he said yes, he could get some, and soon came out and brought the whisky, and got in the soldier's car and delivered some whisky to them. A companion soldier to the prosecuting witness testified that he saw appellant sell some whisky to his soldier companion, and had a conversation with him.

Sheriff Robey testified that he saw the two soldiers on the night in question, and they turned over to him two half pints of whisky; he neither tasted nor smelled it, but he was able to identify the two bottles. The two bottles were introduced in evidence before the jury, and often referred to by witnesses as "whisky."

In the case of Thompson v. State, 28 S. W. (2d) 151, a similar state of facts was presented to us. In that case, as in

this, the prosecuting witness asked the accused for whisky, and the accused agreed to sell some whisky, and soon returned with something in a bottle and received money therefor. In neither case was the liquid shown to have been tasted by anyone. In the Thompson case we said: "We regard the effect of this testimony as proof of an admission on the part of appellant that the liquid was whisky."

Again therein we said: "Underhill on Criminal Ev. Sec. 728, cites Frazier v. State, 27 Ga. App. 261, 107 S. E. 896, as holding that liquor called for, delivered, and paid for as whisky, might be inferred to be whisky in the absence of evidence to the contrary. We think this correct. See Parker v. State, 39 Tex. Cr. R. 262, 45 S. W. 812; Gaunce v. State, 109 Tex. Cr. R. 448, 5 S. W. (2d) 154; Burrell v. State, 111 Tex. Cr. R. 149, 11 S. W. (2d) 794; Adams v. State, 111 Tex. Cr. R. 197, 11 S. W. (2d) 518; Belts v. State, 112 Tex. Cr. R. 419, 16 S. W. (2d) 828; Friedman v. United States (C. C. A.) 13 F. (2d) 632."

It is contended that the allegation and proof do not correspond in that the sale as proven shows that same was made to two soldiers rather than one. We think that the proof shows that a sale was made to the soldier Zoller, who was the one set forth in the pleadings as the purchaser. However, if we were to construe this as two sales, a half pint to each of the two soldiers to have been present, the further sale to the second soldier would not render ineffective the proven sale to the man Zoller mentioned in the complaint and information. We think this was one continuous and simultaneous transaction, and we think the State's witnesses' testimony show a sale to Zoller, as alleged.

We see no error evidenced herein, and the judgment will therefore be affirmed.