JESSE MUSGROVE V. STATE.

No. 26,667. December 2, 1953.
Motion for Rehearing Denied March 3, 1954.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) March 31, 1954.

*James E. Faulkner*, Coldspring, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the sale of whiskey in a dry area; the punishment, a fine of $1,000.

Inspector Jurek of the Texas Liquor Control Board testified that he went to the appellant's place on the Trinity River in San Jacinto County on the day in question and asked the appellant if he had any Canadian Club whiskey; that he answered in the negative but said that he had Hill & Hill and Sunnybrook; whereupon he bought two pints labeled Sunnybrook from him.

The state introduced one pint bottle labeled "Sunnybrook Whiskey," to which was affixed an unbroken tax stamp, and another pint similarly labeled with broken seal and about 2/3rds full of liquid. The witness testified that an informer who had gone with him to make the purchase had drunk from the bottle.

The state introduced in evidence from the minutes of the

commissioners' court of San Jacinto County an order dated February 12, 1917, calling a prohibition election, an order of March 21, 1917, declaring the results of the election and ordering the publication of such results favoring prohibition, together with the affidavit of the publisher reciting the publication of such order.

Appellant did not testify in his own behalf and offered only one witness, another inspector of the Texas Liquor Control Board, by whom he sought to attack the validity of the complaint in this case.

We find the evidence sufficient to support the conviction.

Appellant objected to the proof of the dry status of San Jacinto County. As we understand his contention, it is that, since the prohibition election was held in 1917, such was not effective because the same was held prior to the adoption of Section 20 of Article 16 of the Constitution of this State in 1919. It has been the consistent holding of this court that areas in which the sale of intoxicants had been prohibited by local option elections held prior to the taking effect of the amendment in 1919 retained their dry status upon the adoption of Section 20 of Article 16 in 1935. Stephens v. State, 138 Tex. Cr. Rep. 43, 133 S. W. 2d 130. We see no reason to disturb these holdings.

Appellant objected to the introduction of the two bottles in evidence on the grounds that the contents were not identified.

In Bouldin v. State, 145 Tex. Cr. Rep. 413, 168 S. W. 2d 868, we held that where the purchaser asked for whiskey, the appellant delivered something in a bottle and received payment that such acts were admissions of the accused that the liquid was whiskey in the absence of evidence to the contrary. The labels on the bottle were admissible as evidence that the bottles contained whiskey. Adair v. State, 157 Tex. Cr. Rep. 27, 246 S. W. 2d 211, and Ferguson v. State, 133 Tex. Cr. Rep. 250, 110 S. W. 2d 61.

Appellant complains of jury argument which he contends constituted a reference to the appellant's failure to testify. The bills of exception do not recite, and it is not clear from the record, that there were no other witnesses who might have testified concerning the sale of whiskey by the appellant. No

reversible error is shown by such bill. Hammond v. State, 138 Tex. Cr. Rep. 641, 137 S. W. 2d 1025.

Appellant requested a charge relative to the question of venue. The fact that the sale might have been made in San Jacinto County but near the county line would have been no defense to the charge.

Appellant complains that, though represented by counsel, he was not personally present at the time the trial court overruled his motion for new trial. There was no showing as to why he was not present, and since only a fine was imposed on the original trial no error is shown.

Appellant relies upon Henderson v. State, 137 Tex. Cr. Rep. 18, 127 S. W. 2d 902. In that case a term in jail was assessed upon the trial, and we held it necessary that the accused be present upon the hearing on the motion for new trial because of the provisions of Article 580, C. C. P.

Appellant claims reversible error is reflected by the action of the county attorney in reading the complaint to the jury.

The record fails to affirmatively reflect that the complaint was ever read to the jury. The prosecutor did cross-examine the defense witness from the complaint. This we think was proper in view of the direct examination by the appellant.

Appellant has filed a 59-page brief in this case. We cannot discuss each question sought to be raised.

We have examined the record carefully and fail to find any reversible error.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

Appellant has filed an extensive motion for rehearing herein in which he challenges our original opinion, and among other things, he reiterates the proposition that the testimony was insufficient to show that the witness purchased whisky from the appellant as set forth in the information.

We quote from the testimony of the witness, Jurek, an inspector for the Texas Liquor Control Board. as follows:

"I asked Jesse (Mr. Musgrove) if he had any Canadian Club Whiskey, and he said, 'No, that he just had two brands, Hill & Hill and Sunnybrook' and I asked him how much his Sunnybrook was a pint and he said, '$4.50' so I bought two pints of Sunnybrook from him."

We quote from the testimony as follows:

"Q. (Mr. Lilley handing or exhibiting two bottles of liquor labeled 'Sunnybrook' whiskey (2 pint bottles) one full with the seal unbroken and the other about 2/3rds full with the seal broken) continuing his examination of the witness, inquired:

"Is this the whiskey you bought from Jesse Musgrove on May 8th, 1953. A. Yes, sir.

"Mr. Lilly: We offer these two pints of whiskey in evidence."

Again, on cross-examination, it was shown that Mr. Jurek did not drink or taste any of the stuff in these bottles, but relative to the missing portion in one of the bottles, he made the following statement:

"A. I gave that to a fellow I picked up down there and he drank it; I had promised him a drink if he would help me ferret out some bootleggers in that area; he seemed to know a good deal about them.

"Q. Who is this mysterious fellow that drank the missing whiskey; where does he live? A. I don't know who he was nor where he lives; you know it is not much trouble to pick up a barfly; all I wanted was some information that would help me apprehend some bootleggers, and he looked like and was the type who could furnish some information."

From the testimony we further quote:

"Q. Then you don't know and can't swear that it is whiskey, or anything else, can you? A. Well, no sir, naturally I couldn't swear it was whiskey, but I have a pretty good idea, since it is both labeled in big plain print 'Sunnybrook Whiskey' and has a U. S. Government Tax Stamp on it."

Under these facts we are of the opinion that same are sufficient to show that the liquid purchased by the witness from the

appellant was whisky. See Jones v. State, our No. 26,701 (page 399, this volume), 264 S. W. (2d) 106.

In the case of Bouldin v. State, 145 Tex. Cr. Rep. 413, 168 S.W. (2d) 868, we said:

"In the case of Thompson v. State, 115 Tex. Cr. R. 519, 28 S.W. 2d. 161. 162, a similar state of facts was presented to us. In that case, as in this, the prosecuting witness asked the accused for whisky, and the accused agreed to sell some whisky, and soon returned with something in a bottle and received money therefor. In neither case was the liquid shown to have been tasted by anyone. In the Thompson case we said: 'We regard the effect of this testimony as proof of an admission on the part of appellant that the liquid was whisky.' Again therein we said: 'Underhill on Criminal Ev. sec. 728, cites Frazier v. State, 27 Ga. App. 261, 107 S.E. 896, as holding that liquor called for, delivered, and paid for as whisky, might be inferred to be whisky in the absence of evidence to the contrary. We think this correct. See Parker v. State, 39 Tex. Cr. R. 262, 45 S.W. 812; Gaunce v. State, 109 Tex. Cr. R. 448, 5 S.W. 2d. 154; Burrell v. State, 111 Tex. Cr. R. 149, 11 S.W. 2d. 794; Adams v. State, 111 Tex. Cr. R. 197, 11 S.W. 2d 518; Beltz v. State, 112 Tex. Cr. R. 419, 16 S.W. 2d 828; Friedman v. United States, (6 Cir.) 13 F. 2d. 632."

We next have the proposition raised by the appellant relative to the election in San Jacinto County on March 10, 1917, in which the provisions of the local option law were voted upon by the people and resulted in the dry status of that county. Objection is made relative to the introduction of such testimony because of the fact that after searching the record the petition of the voters which requested the commissioners' court to order a prohibition election was not found. However, the order itself, calling the election, was introduced in evidence from the minutes of the commissioners' court which evidenced the fact that the petition of B. F. Johnson and 250 other legally qualified voters of said county was received by that court and such order found that said petition was signed by 250 legally qualified voters of said county and that the same was in due and proper form. The commissioners' court therefore ordered that the petition be granted and an election was ordered to be held in San Jacinto County on the 10th day of March, 1917, by the qualified voters of the county to determine whether or not the sale of intoxicating liquors should be prohibited in said county and setting forth the several voting precincts, etc.

This order was objected to mainly because they were unable to find the petition itself that was evidently presented to the commissioners' court and caused them to call for the election.

It is also shown that the election was thus held and that the county commissioners in due time opened the ballots and counted the votes cast in said election and found that there was a majority vote therein in favor of the prohibition of such sale and the same was declared to have resulted in favor of such prohibition; that said commissioners' court thereupon entered its order prohibiting the sale of intoxicating liquors within the limits of San Jacinto County; and such order was published in a newspaper in the county for four consecutive weeks, and the affidavit of the newspaper publishers relative to such publication was shown.

Under the circumstances, we think that there having been no election shown to have been held thereafter prior to the adoption of Article 20, Section 16, of the State Constitution, the provision of such Constitution would govern relative to the dry status of a county prior to the time of the state-wide prohibition going into effect as set forth in said Section 20 of Article 16.

It is shown from such Section 20 of Article 16 that upon its adoption by the state, effectuating the repeal of the state-wide prohibition law, that in all counties, justice precincts, incorporated towns and cities where the sale of intoxicating liquors had been prohibited by local option elections, prior thereto under the laws of the State of Texas in force at the time of the taking effect of this repeal, it should continue to be unlawful to manufacture, sell, barter or exchange any spiritous, vinous or malt liquors therein for beverage purposes unless and until the majority of the qualified voters should change such conditions by a proper election. In other words, the repeal of the constitutional amendment prohibiting the sale of intoxicating liquors in the state would restore to each county or subdivision thereof its former status relative to the sale of intoxicating liquors as it existed before the adoption of the amendment.

See Rockholt v. State, 136 Tex. Cr. R. 479, 126 S.W. (2d) 488, in which it was held:

"Upon the repeal of the amendment to our Constitution (sec. 20, Art. 16, Vernon's Ann. St. Const.) prohibiting the sale, etc.,

of intoxicating liquors in this state, its restored to each county or subdivision thereof its former status relative to prohibiting the sale of intoxicating liquor as it existed before the adoption of the Constitutional Amendment."

It seems that this election was held in 1917, and under the statute, this attack relative to the election itself comes too late. The attack should have been made within sixty days after the taking effect of Senate Bill No. 31, Chapter VIII of the General Laws of the 30th Legislature, First Called Session, p. 447, as provided therein, failing which the law conclusively presumes that the election as held and the results as therein declared are in all respects valid and binding on the courts. See Art. 666-40a, Vernon's Ann. P.C., Blaine v. State, 139 Tex. Cr. R. 187, 139 S.W. (2d) 792; Crutchfield v. State, 144 Tex. Cr. R. 291, 162 S.W. (2d) 699; Wilson v. State, 107 S.W. 818; Kirksey v. State, 61 Tex. Cr. R. 298, 135 S.W. 124.

A further question raised by the appellant relates to the argument of the county attorney in his address to the jury in which it is claimed that he violated Art. 710, C.C.P., when, among other things, he said:

"Gentlemen, you have heard the evidence of Mr. Jurek, and I haven't heard anybody dispute it."

It is claimed by the appellant that this was a direct reference on the part of the county attorney to the appellant's failure to testify. We call attention to the fact that the bill does not recite that there were no other persons present at the time of the alleged sale who might have testified concerning it, nor do we find in the bill any recitation that the appellant did not testify.

It is upon the insufficiency of the bill of exceptions, and not upon its merits that we hold that no reversible error is shown. See Gribble v. State, 133 Tex. Cr. R. 457, 111 S.W. (2d) 1108; Easterwood v. State, 132 Tex. Cr. R. 9, 101 S.W. (2d) 576; Thacker v. State, 131 Tex. Cr. R. 664; 101 S.W. (2d) 247; Brawley v. State, 114 Tex. Cr. R. 605, 26 S.W. (2d) 244; Tillman v. State, 88 Tex. Cr. R. 10, 225 S.W. 165; Rodele v. State, 158 Tex. Cr. Rep. 167, 254 S.W. (2d) 122.

Article 667, C.C.P., as amended by the 53rd Legislature, provides that where the argument is manifestly improper, or violates some mandatory provision, or some new fact is thereby injected into the case, it shall not be necessary that the bill

negative any fact by which the argument complained of may have been authorized. In the absence of a showing in the bill that the defendant did not testify in the case, the remarks complained of were not "manifestly improper," did not violate the statute, nor inject a new fact into the case.

It follows that we must hold that the amendment of the statute made no change in the requirements that the bill of exception must show the fact that the defendant did not testify, as held in the cases above cited.

Appellant further complains because he was not given a charge on his affirmative defense that was raised by the failure to have the witnesses to testify as to their knowledge of the intoxicating quality of the liquor. This matter finds itself present in the testimony, and its weakness, if any, and would not rise to the dignity of an affirmative defense. It is embodied in the question of appellant's guilt or innocence as presented to the jury. See Gilmore v. State, 158 Tex. Cr. Rep. 534, 257 S.W. (2d) 300.

We have been favored with many citations and much written argument relative to this matter. We have read the same and have considered each separate question raised by the appellant, and find no error evident in the trial hereof.

In our opinion, this case has been properly tried, and the motion for rehearing is therefore overruled.