ALVIN PORTER V. STATE

No. 34,651.   May 23, 1962

Affirmed.

No attorney for appellant of record on appeal.

*Frank Briscoe,* District Attorney, *Walter A. Carr, David Ball, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for burglary; the punishment, enhanced by two prior convictions for felonies less than capital, life imprisonment.

The state's evidence shows that on the night in question a building occupied by the Southern Floral Company in the city of Houston was broken into and burglarized. Entry was gained into the building by breaking a pane of glass next to a greenhouse door, unlocking the door, and proceeding into the main building through another door by the same method. The first employee to arrive for work the following morning, upon entering the building observed flowers strewn over the place and discovered the glass near the greenhouse door broken and the door partly open. An acetylene torch and cutting equipment were found in the office, which had not been there before. Upon further examination it was discovered that the safe had been hit and partially mutilated but had not been opened. It was also discovered that other items had been damaged, and certain property was missing from the building. Among the items missing were a wooden cash drawer, $94.49 in cash, a number of checks, a suitcase, and one carton of cigarettes.

On the night after the burglary, appellant was seen by Officer Marcus Beckham at the rear of a service station and was caught and arrested after he had broken and run from the premises.

Following his arrest, after being duly warned, appellant made and signed a written statement to Officer Roy L. Spivey, in which he admitted having participated in the burglary of the building.

In the statement, which, omitting certain portions, was introduced in evidence by the state, appellant stated that on the night in question he was in company with Tommy Fuller and Freddy Holmes and after they had agreed to "try to make some money" and were driving around looking for a building they could enter they came to a flower shop on Smith Street, and that:

"Freddy parked the car on a side street about around the corner from the flower shop. Freddy and Fuller got out of the car and I stayed in the car. Freddy walked over and broke out a pane of glass in the green house and I saw Freddy go in and open the door and let Fuller in. They were inside about forty minutes to an hour and they came back out carrying a drawer and they put it in the car and it had some cash in it and Freddy told me not to mess with it because he had counted it. They walked on down Smith Street and after a while they came back and Freddy drove around the block and stopped near a garage and we loaded oxygen and acetylene rig in the back seat and then drove back around to the flower shop and then Freddy and Fuller took the torch inside the flower shop. They stayed

in there quite a while and then they came back out and they said they couldn't get the safe open. Fuller brought out a carton of cigarettes. We divided the money that was in the cash drawer, and we then drove back to Fuller's apartment and Fuller put the cash drawer in the garbage can."

In his confession appellant admitted that on the following night he was arrested by the officers as he ran from the filling station.

The state's evidence further shows that, after the burglary, a check taken from the building was recovered from Richard Davis, whom appellant referred to in his confession as his roommate.

As a result of information furnished by appellant, the officers located the owner of the acetylene equipment left in the building, who identified the equipment as having been stolen from his garage.

The prior convictions were stipulated by appellant and his counsel and the attorney representing the state.

Testifying as a witness in his own behalf, appellant denied committing the burglary, repudiated his written confession made to Officer Spivey, and testified that he signed the confession under duress and because of physical beatings and torture administered to him by the officers. Appellant's claim of brutality was denied by Officer Spivey. Other officers who were present during the questioning of appellant were called as witnesses by the state and denied that any physical violence was inflicted upon him. A newspaper reporter who witnessed appellant's confession testified that he asked appellant if the police had hurt him or forced him to make the statement, and appellant answered in the negative.

The court submitted the issue of appellant's guilt upon a charge on the law of principals and also submitted to the jury the question of the voluntary nature of appellant's confession.

The jury, by their verdict, resolved the disputed issues against appellant, and we find the evidence sufficient to support their verdict.

The record contains no formal bills of exception or objections to the court's charge and no brief has been filed on behalf of appellant.

We have examined the informal bills of exception appearing in the statement of facts and find no reversible error therein.

By one of the bills, appellant urges a fatal variance between the pleadings and proof because the indictment alleged that the premises burglarized were occupied and controlled by Joseph Weatherford and the proof shows that the premises were owned by Southern Floral Company, a corporation.

While the proof shows that the building was owned by Southern Floral Company, a corporation, the evidence further shows that Joseph Weatherford was vice-president and secretary of the company and in such capacity occupied and controlled the premises on the date of the burglary.

By statute, Art. 402, V.A.C.C.P., where one person owns property and another has the possession, charge, or control of it, the ownership may be alleged to be in either. Such rule applies in the case of a corporation. Ricks v. State, 41 Texas Cr. Rep. 676, 56 S.W. 928; Gribble v. State, 133 Texas Cr. Rep. 457, 111 S.W. 2d 1108. The claim of variance is overruled.

The judgment is affirmed.

Opinion approved by the Court.