## ROY SEAY v. THE STATE.

No. 19588. Delivered March 30, 1938.

The opinion states the case.

*Mahan & Broughton,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor in a dry area for the purpose of sale; the punishment, a fine of $300 and confinement in jail for 60 days.

Operating under a search warrant, officers discovered 32 cans of beer in appellant's home. At the time the search was made appellant, his wife, and several men were in the room where the beer was found. There was no evidence that appellant had sold any of said liquor. Appellant's wife testified that the beer belonged to appellant and George Williams. She said: "Yes, it was just a beer-drinking party. We were just drinking beer." Further, she testified that her husband had not sold any of the beer. Again we quote from her testimony: "We were not selling any of it. We were just having a beer party."

It is shown in bill of exception No. 1 that, over appellant's proper objection, the affidavit and search warrant were read to the jury. We quote the affidavit, as follows:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS.

"THE STATE OF TEXAS, COUNTY OF CHILDRESS: In Justice Court, Precinct No. 1.

"Before me, the undersigned authority, on this day personally appeared Richard Weinert and Sidney Partain, both known to me to be credible persons, who after being by me first duly sworn, upon their several oaths, each for himself, deposes and says:

"1st. That in and upon certain premises in Justice Precinct No. one in the aforesaid County and State, and more particularly described as follows, to-wit: The private resident, garage, outhouses and premises located at 204 10th St. N. W. in the City of Childress, Texas, on the 27th day of June, A. D. 1937, and before the making and filing of this affidavit Roy Seay, who is in possession of said premises, and in violation of the liquor laws of the State of Texas, did then and there (and is now) using such premises as a place at which to manufacture and possess for the purpose of said spiritous, vinous and malt liquors capable of producing intoxication; that spiritous, vinous and malt liquors capable of producing intoxication are now possessed and kept on said premises for the purpose of sale;

that spiritous, vinous and malt liquors are now manufactured on said premises; and that there are certain containers, utensils, implements and instrumentalities located on said premises used and to be used in the manufacture, possession for sale and transportation of spiritous, vinous and malt liquors in violation of the laws of the State of Texas.

"2d. That affiants state under oath that the facts, circumstances and statements made, mentioned and set out are within their personal knowledge true and correct, and that affiants obtain their evidence and knowledge of the same as follows:

"Wherefore, affiants pray that a warrant be issued to search the above described premises and to seize the above described intoxicating liquors, containers, utensils, implements and instrumentalities, in accordance with law, as in such cases made and provided.

Sidney Partain<br>"Affiants: Richard Weinert.

"Sworn to and subscribed before me by affiants on this 27th day of June, A. D. 1937.

"(Signed) G. H. Faulkner, Justice<br>of the Peace, Precinct No. 1,<br>Childress County, Texas."

There was no issue upon which the contents of the affidavit and search warrant were relevant. The statements which went to the jury were hearsay and inadmissible. Uptmore v. State, 32 S. W. (2d) 474; Dillon v. State, 2 S. W. (2d) 251. Under the circumstances reflected by the record, we are constrained to hold that the bill of exception reflects reversible error.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.