The motion for rehearing in all other respects is overruled.

## COOPER v. STATE.

### No. 20216.

Court of Criminal Appeals of Texas.

Feb. 22, 1939.

D. E. Killam, of Tyler, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of theft of one head of cattle, and awarded a punishment of two years in the penitentiary.

The appellant's main contention for a reversal of this case is the insufficiency of the testimony.

It is shown that Mr. McKenzie lost a certain heifer from his pasture, and although search had been made for her, she had not been found. The State then introduced the confession of appellant, as follows: "My name is Phillip Cooper and I work for Mr. Will Allen. Some time in December, 1937, I met Henry Lynch and Ivory Clifton over at Steve Lynch's house and we left there and went over into Mrs. Ada Lee's field and roped a cow that belonged to Mr. J. B. McKenzie and drove her over to Mr. Dick Coulter's house. About 50 yards before we got to Mr. Coulter's house, Henry and Ivory told me that I had better not go up to the house, that Mr. Coulter wouldn't like it if too many of us got in on it. I waited there until Henry and Ivory came back and I didn't get any money out of this deal until Christmas eve day, when Ivory paid me $1.50. We knew this cow belonged to Mr. J. B. McKenzie and we took it without his knowledge or consent."

The appellant was working for Mr. W. J. Allen, a surety on his bond, and after appellant's release on bond he had the following conversation with Mr. Allen: "With reference to this cow, he (defendant) told me he was into it and wanted me to help him get out of it, easiest way he could. I said, 'Phillip, if you want me to help you get out of it, tell the truth. I don't know where you were at or what you did,' and I asked him, 'Are you guilty?' He said 'Yes, sir, I am guilty. I was over at Uncle Steve Lynch's and Henry Lynch approached' him and asked him to go across the field and help him. He told him he wouldn't do no such thing but Henry over-persuaded him and he went over there and Ivory Christian and Henry Lynch got the cow a little before sundown, roped her and carried her to Dick Coulter's in the night. When they got about one hundred yards from Dick Coulter's, they told him to go down there, that they wouldn't want too many there. Said he remained there until they came back. Then Mr. Coulter said, 'This is Mr. McKenzie's cow and I wont pay for her now, but if he doesn't locate her I will pay for her later on.' Said Christmas day some of them gave him a dollar and a half for helping take the cow over there."

Appellant offers the proposition that the corpus delicti can not be established by the confession alone, and that therefore the testimony is insufficient to show his guilt. While the proposition above advanced is true as an abstract proposition, we do not think the same applies in this case. The confession can be looked to in aid of the establishment of the corpus delicti, and when taken into consideration herein, in conjunction with the loss of the animal by Mr. McKenzie, and appellant's reiteration of his professions of guilt before Mr. Allen, we are constrained to hold that the testimony is sufficient upon which to uphold

the jury's verdict of guilt. This heifer was missed from the pasture where she was kept about December 15, 1937, and had not been recovered on the date of the trial June 27, 1938, and we think that the testimony as a whole is convincing that appellant and others took this cow as set forth in his confessions.

So believing, the judgment will be affirmed.