JOE WEAVER V. THE STATE.

No. 20885. Delivered March 6, 1940.
Rehearing Denied April 17, 1940.

The opinion states the case.

*M. M. Guinn,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the County Court of Cherokee County for the unlawful possession of liquor for sale in a dry area; and his punishment was assessed at a fine of $250.00.

Leon Halbert, deputy sheriff of Cherokee County, made a search of the premises known as Rockwood Inn, which the

evidence shows was situated on State Highway No. 40 north of Rusk in Cherokee County and which is also U. S. Highway No. 69. The witness stated that this place, with the buildings and tourist camps, was at the time "owned and operated by Joe Weaver." He further testified: "My search of Rockwood Inn disclosed six half pints of whisky and eleven cans of beer. This whisky which I have in my hand is part of the whisky recovered by me on November 5, 1938, at Rockwood Inn and is Joe Weaver's whisky."

It was shown by the evidence that the sale of liquor was prohibited in Cherokee County by virtue of an election held in 1901. The witness testified that he had a search warrant when he went to the premises and that he made his search by virtue thereof. There was introduced in the record the affidavit for the search as well as the search warrant relied on.

The trial was had before the court without a jury.

We find no substantial error in the record. Appellant has filed several bills of exception which are brought forward in the record, but neither of them presents any reversible error so far as we are able to tell from an examination of them. Concluding that they present no error, each and all of them are overruled, and the case is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant earnestly insists that we erred in our original opinion in holding the affidavit for a search warrant sufficient. He contends that the affidavit contains the following: "that we have recently been informed by credible persons that intoxicating liquors are kept, possessed, found and sold in and upon the above described premises in violation of law and your affiants believe such information to be true and correct"; when, in fact, it is as follows: "We have this day been informed by credible persons that intoxicating liquors are kept, possessed, and sold in and upon the above described premises in violation of the law and your affiants believe that said information to be true and correct."

He vigorously asserts that this is but a conclusion of the informants and did not show that any person or persons had seen any person or persons sell intoxicating liquor at the Inn, nor that any intoxicating liquor was possessed there for the purpose of sale. We are not in accord with his contention. It

occurs to us that the statement in the affidavit here complained of is a statement of a fact and not a conclusion. It is true that the affidavit fails to show how the informants acquired their knowledge or came into possession of the facts related to affiants, but we do not think that affiants would be required to inquire of the informants how or in what manner they acquired such knowledge and then set it out in the affidavit. Appellant cites us to the case of Steverson v. State, 2 S. W. (2d) 453, and a number of cases. We have examined them, but in our opinion they have no application to the facts of this case. In the case of Steverson v. State, supra, the affidavit shows that it was based wholly upon the belief of affiants. No fact, circumstance or information upon which affiants' belief was predicated is stated in the affidavit. In the instant case, the affidavit is based upon information furnished on November 5, 1938, by credible persons.

Appellant's next contention is that the succeeding County Judge could not enter an order nunc pro tunc. This question has been decided adversely to appellant in the case of Spears v. State, 136 Tex. Cr. R. 55, and we see no need of again entering upon an extended discussion thereof.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.