## CHARLIE MALONE V. THE STATE.

No. 22911. Delivered June 21, 1944.

The opinion states the case.

*Eugene F. Mathis,* of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction on a charge of possessing whisky for the purpose of sale in a dry area with a fine of $500.00.

We quote from the brief filed by the State's attorney, as follows:

"The appellant brings forward two bills of exception in which he complains of the action of the trial court in admitting in evi-

dence, over the timely objection of the appellant, the affidavit and purported search warrant for the reason that same were hearsay as to the defendant, and, secondly, upon the ground that no property was described in the purported search warrant. We think both of these contentions are well founded. This Court said in Rockholt v. State, 126 S. W. (2d) 488:

" 'The appellant complains of the introduction in evidence of the search warrant on the ground that same was hearsay, inflammatory and prejudicial. We are of the opinion that appellant's position is well taken. This court has held that a search warrant is not admissible in evidence before the jury. See Seay v. State, 134 Tex. Cr. R. 252, 115 S. W. (2d) 419.'

"In 38 Texas Jurisprudence, page 54, section 31, the following general rule is stated:

" 'Not only the affidavit for a search warrant but the warrant itself must describe the place to be searched or the thing to be seized. There is no doubt as to this requirement for both the Constitution and the statute expressly declare that no warrant to search any place or to seize anything shall issue without describing them as near as may be.'.

"Also see Combs v. State, 149 S. W. (2d) 971; Miller v. State, 114 S. W. (2d) 244; Article 666-20, Penal Code, and authorities cited under Notes 3, 7 and 9."

The foregoing is a fair statement of the bills of exception and the law involved.

The judgment of the trial court is reversed and the cause is remanded.