GERTRUDE LANGSTON V. THE STATE.

No. 23214. Delivered November 7, 1945.

The opinion states the case.

*Chas. H. Dean,* of Plainview, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the local option liquor laws in a dry area, and by the jury assessed a fine of $200.00; from a judgment predicated thereon, she appeals.

There are four bills of exceptions in the record, one of which contending that the affidavit for search warrant and the search warrant were invalid for the reason that no sufficient facts are stated in the affidavit showing probable cause for the issuance of the warrant. We find that practically the same language as used herein to show probable cause was approved by this court in the cases of Weaver v. State, 139 Tex. Cr. R. 134, 138 S. W. (2d) 1081; Bickerstaff v. State, 139 Tex. Cr. R. 69, 139 S. W. (2d) 110; Peters v. State, 142 Tex. Cr. R. 146, 151 S. W. (2d) 592.

It appears by a proper bill of exceptions that the State was allowed to introduce before the jury, and read to them, the affidavit for search warrant, as well as the warrant itself, all over appellant's objections. We think the trial court committed error

in allowing these two documents to be read in evidence before the jury. See Rockholt v. State, 126 S. W. (2d) 488; Seay v. State, 134 Tex. Cr. R. 252, 115 S. W. (2d) 419; Hall v. State, 125 S. W. (2d) 292, and authorities there cited.

On account of the above error the judgment will be reversed and the cause remanded.